

**LEWIS AND ROCA LLP**
Robert M. Charles, Jr., NV 006593
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996
Telephone:    702.949.8320
Facsimile:    702.949.8321
E-mail:    rcharles@LRLaw.com

**MORRISON & FOERSTER LLP**
G. Larry Engel (*pro hac vice* pending)
425 Market Street
San Francisco, California 94105-2482
Telephone:    415.268.7000
Facsimile:    415.268.7522
E-mail:    lengel@mofo.com

*Attorneys for JPMorgan Chase Bank, N.A.*

**MORRISON & FOERSTER LLP**
James E. Hough (*pro hac vice* pending)
Norman S. Rosenbaum (*pro hac vice* pending)
Jordan A. Wishnew (*pro hac vice* pending)
1290 Avenue of the Americas
New York, New York 10104
Telephone:    212.468.8000
Facsimile:    212.468.7900
E-mail:    jhough@mofo.com
E-mail:    nrosenbaum@mofo.com
E-mail:    jwishnew@mofo.com

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re: | Case No. 10-32968 |
|---|---|
| SOUTH EDGE, LLC, | Chapter 11 |
| Involuntary Debtor. | **Ex Parte Motion to File Confidential Materials Regarding Involuntary Petition Under Seal** |

JPMorgan Chase Bank, N.A. ("JPMorgan"), in its capacity as a petitioning creditor in the captioned involuntary Chapter 11 case, requests entry of an ex parte order (the "Sealing Order"), under 11 U.S.C. §§ 105 and 107(b), Rule 9018 of the Federal Rules of Bankruptcy Procedures, and Local Rule 9018, permitting the filing under seal of documents that may fall within the scope of Bankruptcy Rule 1003. The documents contain confidential and proprietary commercial information regarding JPMorgan's secondary loan operations. JPMorgan requests that it be permitted to file unredacted versions of documents relating to two debt trades (the "Debt Trade Documents") under

LEWIS
AND
ROCA
LLP
L A W Y E R S

seal.  Pursuant to Local Rule 9018(a), JPMorgan shall deliver paper copies of the documents proposed to be filed under seal to the presiding judge, and designate it as such, for in camera review.

### 1.  Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a).  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The court may order the relief requested under 11 U.S.C. §§ 105 and 107(b) and Bankruptcy Rule 9018.

### 2.  Discussion

Bankruptcy Rule 1003 requires a petitioning creditor in an involuntary bankruptcy case to file with the court documents relating to transferred claims against the alleged debtor.  JPMorgan is a lender with respect to the alleged Debtor's Credit Agreement.  JPMorgan also serves as the Agent under the Credit Agreement.  Entirely separate from these roles, JPMorgan, through its secondary loan operations and in the ordinary course of its business, functions as a market-maker for certain debts, including the debt under the Credit Agreement.  In this capacity, JPMorgan acts through buying and selling positions in the debt of the Debtor arising under the Credit Agreement, none of which were bought or sold for the purpose of commencing this case.

At the present time, JPMorgan holds two of those claims.  Neither of those claims are asserted or included in the Petition.  JPMorgan believes that neither the Official Form of involuntary petition nor Bankruptcy Rule 1003 applies to claims held by a petitioning creditor that are not included as the basis for the involuntary petition.  Nevertheless, out of an abundance of caution, JPMorgan is submitting certain documents regarding the claims it currently holds through its secondary loan operations.  JPMorgan seeks to protect information in those documents relating to the entities who sold and assigned the debt to JPMorgan, the names of the principals and employees of those entities, the amounts for



which JPMorgan bought such debts, the relevant dates relating to those acquisitions, and other proprietary and confidential information. This information is contained in the Debt Trade Documents.

Section 107(b) of the Bankruptcy Code directs bankruptcy courts to issue orders that will protect entities from potential harm that may result from disclosure of certain confidential information. This section provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> > (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information. . .

11 U.S.C. § 107(b)(1). Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(b)(1) of the Bankruptcy Code, and provides, in pertinent part, that, "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information ." Fed. R. Bankr. P. 9018. Good cause is not required. *See In re Orion Pictures Corp.*, 21 F.3d 24, 28 (2d Cir. 1994). Any parties in interest, including creditors, are entitled to the protections provided by § 107. *See In re Nunn*, 49 B.R. 963, 965 (Bankr. E.D. Va. 1985).

The information sought to be protected need not rise to the level of a trade secret. *Orion Pictures*, 21 F.3d at 28. It need only be confidential "commercial information." "[I]nformation which would cause an unfair advantage to competitors by providing them with information as to the commercial operations" of the party requesting relief under § 107 is "commercial information." *See Orion Pictures Corp.*, 21 F.3d at 27; *see also In re Itel Corp.*, 17 B.R. 942 (9th Cir. BAP 1982) (noting that information that affords competitors an unfair advantage is "commercial information").

2294666.1

LEWIS
AND
ROCA
LLP
L A W Y E R S

1      The information JPMorgan seeks to protect is not available to the public and is both

2  confidential and proprietary.  The Standard Terms and Conditions for Distressed Trade

3  Confirmations published by the Loan Syndications and Trading Association require

4  JPMorgan to keep the terms of debt trades confidential.  Disclosure of the unredacted Debt

5  Trade Documents could potentially expose JPMorgan to liability, and in any event, would

6  provide a significant advantage to JPMorgan's competitors because it could potentially

7  reveal the strategies JPMorgan employs in connection with its secondary loan operations.

8  The strategies JPMorgan utilizes in connection with its secondary loan operations are

9  highly proprietary, and are entitled to protection as marketing strategies.  *See In re*

10  *Farmland Indus., Inc.*, 290 B.R. 364, 369 (Bankr. W.D. Mo. 2003) (noting that when

11  Debtor's business involved the buying and selling of certain assets of the company,

12  marketing strategies were confidential "commercial information"); *In re Barney's Inc.*,

13  201 B.R. 703, 709 (Bankr. S.D.N.Y. 1996) (stating that information relating to the

14  Debtor's marketing strategies would be confidential commercial information entitled to

15  protection under § 107(b)).

16      If competitors are given the information JPMorgan seeks to protect, they will

17  potentially be able to use that information to JPMorgan's detriment.  The Debt Trade

18  Documents include information concerning price, volume and timing, which could be used

19  against JPMorgan by participants in the secondary market.

20      JPMorgan believes it is not required to provide the Debt Trade Documents because

21  those debts are not the claims under which the JPMorgan, as a Petitioner, is filing the

22  involuntary petition.  Thus, an additional reason exists for permitting JPMorgan to file the

23  Debt Trade Documents under seal - if they are not required by the rule, there is no reason

24  for them to be accessible to the public.

25

26

4

2294666.1

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

The Court therefore should enter an order permitting JPMorgan to file these documents under seal so JPMorgan may exercise its rights as a petitioning creditor without being required to disclose material that may be harmful to JPMorgan. JPMorgan will file redacted versions of the Debt Trade Documents. There is no prejudice to any party if the documents are filed under seal.

In order to fully protect its confidential commercial information, JPMorgan requests that the Court order that no person or entity other than the Court may access the Debt Trade Documents unless a party in interest petitions the Court for access to the documents and provides good cause why access should be granted to that party. *See Nunn*, 49 B.R. at 965 (limiting access to confidential documents to "those persons who have been determined by the Court, after motion and hearing, to have a legitimate interest in the information").

Accordingly, JPMorgan respectfully requests that the Court enter an order, substantially in the form attached hereto: (a) granting JPMorgan permission file the unredacted Debt Trade Documents under seal; (b) providing that the unredacted Debt Trade Documents shall remain confidential and be accessible only to the Court, unless a party in interest petitions the Court for access to the documents and provides good cause why access should be granted to that party; (c) providing that any party obtaining access to these documents shall maintain their confidentiality; and (d) granting JPMorgan such other relief as the Court considers appropriate.

Dated: December 9, 2010.

2294666.1

**LEWIS AND ROCA LLP**

By /s/ Robert M. Charles, Jr.  (#006593)
Robert M. Charles, Jr. , NV 6593
RCharles@LRLaw.com
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169-5996
Facsimile: (702) 949-8321
Telephone: (702) 949-8320
                and
**MORRISON & FOERSTER LLP**
G. Larry Engel CA Bar No. 53484 (Pro hac vice)
Email: lengel@mofo.com
425 Market Street
San Francisco, CA  94105-2482
Tel.:  (415) 268-7000
Fax:  (415) 442-1010
                and
**MORRISON & FOERSTER LLP**
James E. Hough (pro hac vice pending)
Norman S. Rosenbaum (pro hac vice pending)
Jordan A. Wishnew (pro hac vice pending)
1290 Avenue of the Americas
New York, New York 10104

*Attorneys for JPMorgan Chase Bank, N.A.*

2294666.1