# EXHIBIT F

Assessor's Parcel No.:

191-11-101-001
191-14-101-001
191-15-000-001
191-22-000-001
191-23-000-001
191-24-401-001
    04143250  LMH
Send tax bills to

Focus Property Group
3455 Cliff Shadows Parkway
Suite 220
Las Vegas, NV  89189

Please record and return to:

Claudia Bruno
Sidley Austin Brown & Wood LLP
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois  60603

**Receipt/Conformed Copy**

Requestor:
CHICAGO TITLE
11/01/2004 15:04:42    T20040123180
Book/Instr:  20041101-0006330
Trust Deed         Page Count: 20
Fees: $33.00       N/C Fee: $25.00

Frances Deane
Clark County Recorder

## DEED OF TRUST, SECURITY AGREEMENT, FIXTURE FILING AND ASSIGNMENT OF RENTS AND LEASES

THIS DOCUMENT IS GIVEN IN CONNECTION WITH THE CONSTRUCTION OF AN IMPROVEMENT AND IS A "CONSTRUCTION MORTGAGE" WITHIN THE MEANING OF N.R.S. 104.9334(8). "COMPLETION OF CONSTRUCTION" SHALL NOT BE DEEMED TO HAVE OCCURRED UNTIL COMPLETION OF ALL WORK, AND INSTALLATION OR INCORPORATION INTO THE IMPROVEMENTS OF ALL MATERIALS, FOR WHICH SUMS SECURED HEREBY ARE DISBURSED.

THIS DOCUMENT IS ALSO A FIXTURE FILING IN ACCORDANCE WITH N.R.S. 104.9502.  THIS INSTRUMENT IS TO BE FILED AND INDEXED IN THE REAL ESTATE RECORDS AND IS ALSO TO BE INDEXED IN THE INDEX OF FINANCING STATEMENTS OF CLARK COUNTY, NEVADA UNDER THE NAMES OF SOUTH EDGE,

LLC AS DEBTOR AND JPMORGAN CHASE BANK AS SECURED PARTY. TRUSTOR'S ORGANIZATIONAL NUMBER IS LLC 10116-03. INFORMATION CONCERNING THE SECURITY INTEREST MAY BE OBTAINED FROM BENEFICIARY AT THE ADDRESS SET FORTH HEREIN.

   THIS DEED OF TRUST, SECURITY AGREEMENT, FIXTURE FILING AND ASSIGNMENT OF RENTS AND LEASES ("Deed of Trust") entered into as of the 1st day of November, 2004 by SOUTH EDGE, LLC, a Nevada limited liability company, ("Trustor"), with an address at 3455 Cliff Shadows Parkway, Suite 220, Las Vegas, NV 89189, to CHICAGO TITLE AGENCY OF NEVADA, a Nevada corporation, with an address at 1700 W. Horizon Ridge Parkway, #203, Henderson, NV 89012, as the Trustee ("Trustee") for the benefit of JPMORGAN CHASE BANK, with an address at 1111 Fannin, 10th Floor, Houston, TX 77002 (Attn: Loan and Agency Services Group – Rese Comley) as administrative agent ("Administrative Agent") for its benefit and for the benefit of the "Lenders" and other "Holders of Secured Obligations," both as defined in the Credit Agreement (as hereinafter defined) (Administrative Agent in such capacity as beneficiary and as agent is hereinafter referred to as "Beneficiary"). Except as otherwise provided herein, all capitalized terms used but not defined herein shall have the respective meanings given to them in the Credit Agreement.

WITNESSETH:

   WHEREAS, Trustor, Administrative Agent and Lenders are entering into a Credit Agreement dated as of November 1, 2004 (as amended, restated, modified, supplemented or substituted from time to time, the "Credit Agreement");

   WHEREAS, pursuant to the Credit Agreement, Beneficiary and Lenders have agreed to make certain Loans and/or issue Letters of Credit to or for the benefit of Trustor in an aggregate principal amount not to exceed Five Hundred Thirty-Five Million and no/100 Dollars ($535,000,000), which amount may, subject to certain conditions set forth in the Credit Agreement, be increased to an amount not to exceed Five Hundred Eighty-Five Million and no/100 Dollars ($585,000,000); and

   WHEREAS, as a condition to Beneficiary's and Lenders' making such Loans to Trustor pursuant to the Credit Agreement and the other Loan Documents, Beneficiary and Lenders have required that Trustor enter into this Deed of Trust and grant and convey to Trustee for the benefit of Beneficiary the Trust Property (as defined below) to secure (i) payment of the principal amount of the Loans and any amounts that may be drawn upon Letters of Credit, together with interest on any of the foregoing, (ii) payment of all Secured Swap Obligations, (iii) payment and performance of obligations under this Deed of Trust, and (iv) payment and performance of all other Secured Obligations (the aforesaid obligations being hereinafter referred to collectively as the "Liabilities"); and

   NOW, THEREFORE, in consideration of the premises contained herein and to secure payment and performance of the Liabilities and in consideration of One Dollar ($1.00) in hand paid, the receipt and sufficiency whereof are hereby acknowledged, Trustor does hereby grant, remise, release, alien, convey, transfer and warrant to Trustee, its successors and assigns, IN TRUST, WITH POWER OF SALE, the following described real estate (the "Land") in Clark

2

County, Nevada, and does further grant a security interest to Beneficiary, its successors and assigns, in all Personal Property (as defined below) as well as all Trust Property (as defined below) as may be secured under the Uniform Commercial Code (the "Code") in effect in the State of Nevada (the "State") (terms defined in the Code which are not otherwise defined in this Deed of Trust are used herein as defined in the Code):

> See Exhibit A attached hereto and by this reference made a part hereof for the legal description of the Land

which Land, together with all right, title and interest, if any, which Trustor may now have or hereafter acquire in and to all improvements, buildings and structures now or hereafter located thereon of every nature whatsoever, is herein called the "Premises".

TOGETHER WITH all right, title and interest, if any, including any after-acquired right, title and interest, and including any right of use or occupancy, which Trustor may now have or hereafter acquire in and to (a) all easements, rights of way, gores of land or any lands occupied by streets, ways, alleys, passages, sewer rights, water courses, water rights and powers, and public places adjoining said Land, and any other interests in property constituting appurtenances to the Premises, or which hereafter shall in any way belong, relate or be appurtenant thereto, (b) all hereditaments, gas, oil, minerals (together (in each case, whether or not extracted from the Premises) with the right to extract, sever and remove such gas, oil and minerals), and easements, of every nature whatsoever, located in or on the Premises and all other rights and privileges thereunto belonging or appertaining, (c) all water, ditch, well and reservoir rights which are appurtenant to or which have been used in connection with the Land, (d) all development rights associated with the Land, whether previously or subsequently transferred to the Land from other real property or now or hereafter susceptible of transfer from such Land to other real property, (e) any land lying between the boundaries of the Land and the center line of any adjacent street, road, avenue or alley, whether opened or proposed, (f) all other or greater rights and interests of every nature in the Trust Property and in the possession or use thereof and income therefrom, whether now owned or hereafter acquired by Trustor, and (g) all extensions, additions, improvements, betterments, renewals, substitutions and replacements to or of any of the rights and interests described in subparagraphs (a) through (f) above (hereinafter the "Property Rights").

TOGETHER WITH all right, title and interest, if any, including any after-acquired right, title and interest, and including any right of use or occupancy, which Trustor may now have or hereafter acquire in and to all fixtures and appurtenances of every nature whatsoever owned by Trustor now or hereafter located in, on or attached to, and used or intended to be used in connection with, or with the operation of, the Premises, including, but not limited to (a) all apparatus, machinery and equipment of Trustor and (b) all extensions, additions, improvements, betterments, renewals, substitutions and replacements to or of any of the foregoing (the items described in the foregoing clauses (a) and (b) being the "Fixtures"); as well as all personal property and equipment of every nature whatsoever owned by Trustor located on the Premises or elsewhere, including but not limited to (c) furniture, furnishings, goods and chattels; (d) inventory; (e) appliances, apparatus, machinery and equipment; (f) all insurance proceeds of or relating to any of the foregoing; and (g) all accessions and additions to, substitutions for, and replacements, products and proceeds of any of the foregoing clauses (c)

3

through (f) (the items described in the foregoing clauses (c) through (g) and any other personal property referred to in this paragraph being the "Personal Property"). It is mutually agreed, intended and declared that the Premises and all of the Property Rights and Fixtures owned by Trustor (referred to collectively herein as the "Real Property") shall, so far as permitted by law, be deemed to form a part and parcel of the Land and for the purpose of this Deed of Trust to be real estate and covered by this Deed of Trust. It is also agreed that if any of the property herein granted and conveyed is of a nature so that a security interest therein can be perfected under the Code in effect in the State, this instrument shall constitute a security agreement, fixture filing and financing statement, and Trustor agrees to execute, deliver and file or refile, and hereby authorizes Beneficiary to prepare and file or refile, without Trustor's consent, any financing statement, continuation statement, or other instruments Beneficiary may reasonably require from time to time to perfect or renew such security interest under the Code. To the extent permitted by law, (i) all of the Fixtures are or are to become fixtures on the Land and (ii) this instrument, upon recording or registration in the real estate records of the proper office, shall constitute a "fixture-filing" within the meaning of the Code. Subject to the terms and conditions of the Credit Agreement, the remedies for any violation of the covenants, terms and conditions of the agreements herein contained shall be as prescribed herein or by general law, or, as to that part of the security in which a security interest may be perfected under the Code, by the specific statutory consequences now or hereafter enacted and specified in the Code, all at Beneficiary's sole election.

TOGETHER WITH all the estate, right, title and interest of the Trustor in and to (i) all judgments, insurance proceeds, awards of damages and settlements resulting from condemnation proceedings or the taking of the Real Property, or any part thereof, under the power of eminent domain or for any damage (whether caused by such taking or otherwise) to the Real Property, or any part thereof, or to any rights appurtenant thereto, and all proceeds of any sales or other dispositions of the Real Property or any part thereof; and (except as otherwise provided herein or in the Credit Agreement) the Beneficiary is hereby authorized to collect and receive said awards and proceeds and to give proper receipts and acquittances therefor, and to apply the same as provided in the Credit Agreement; (ii) all contract rights, accounts, general intangibles, actions and rights in action relating to the Real Property or the Personal Property including, without limitation, all rights to insurance proceeds and unearned premiums arising from or relating to damage to the Real Property or the Personal Property; (iii) all Permits, licenses, authorizations, variances, land use entitlements, approvals and consents issued or obtained in connection with the construction of any improvements ("Improvements") on the Premises; (iv) all materials prepared for filing or filed with any Governmental Authority; (v) all contracts related to the development, design and construction of the Improvements, including all construction, engineering, consulting, architectural and other similar contracts of any nature; (vi) all architectural drawings, plans, specifications, soil tests and reports, feasibility studies, appraisals, engineering and environmental reports, and similar materials relating to all or any portion of the Premises or the Improvements; (vii) all payment, completion and performance bonds or guaranties relating to the Premises or the Improvements; (viii) all accounts and payment intangibles arising out of the sales at the wellhead or mine head of oil, gas or other minerals in which the Beneficiary had an interest before extraction thereof; (ix) all proceeds, products, replacements, additions, substitutions, renewals and accessions of and to the Real Property and the Personal Property; (x) all trademarks, together with the registrations and right to all renewals thereof, and the goodwill of the business of the Trustor; (xi) all patents and copyrights owned by

4

the Trustor; and (xii) to the extent permitted therein, all interest rate swap agreements and other interest rate hedging agreements to which Trustor may at any time be a party.  (The rights and interests described in this paragraph shall hereinafter be called the "Intangibles".)

As additional security for the Liabilities secured hereby, Trustor (i) does hereby absolutely pledge and assign to Beneficiary from and after the date hereof (including any period of redemption), primarily and on a parity with the Real Property, and not secondarily, all the rents, issues and profits of the Real Property, and all proceeds of the sale of all or any part of the Real Property or other Trust Property ("Sale Proceeds"), including all proceeds under the Acquisition Agreements and any other contracts in respect of the sale of the Real Property or other Trust Property (the Acquisition Agreements and such other contracts being herein collectively referred to as the "Sale Contracts"), and all rents, issues, profits, revenues, royalties, bonuses, rights and benefits due, payable or accruing (including any letters of credit, letter-of-credit rights supporting obligations, or other credit support for any rents or leases and all deposits of money as advance rent or for security) (the "Rents") under any and all present and future leases, subleases, contracts or other agreements relative to the ownership or occupancy of all or any portion of the Real Property (the "Leases"), and (ii) except to the extent such a transfer and assignment is not permitted by the terms thereof, does hereby transfer and assign to Beneficiary all such leases and agreements (including all of Trustor's rights under any contracts for the sale of any portion of the Trust Property and all revenues and royalties under any oil, gas and mineral leases relating to the Real Property).  Beneficiary hereby licenses to Trustor, until an Event of Default (as hereinafter defined) shall have occurred and shall be continuing, the right to collect and use the Rents as they become due and payable under the Leases and (except to the extent that Sales Proceeds are required to be paid to the Beneficiary as a Release Price pursuant to the Credit Agreement) the right to collect and use the Sale Proceeds, provided that the existence of such right shall not operate to subordinate this assignment to any subsequent assignment, in whole or in part, by Trustor, and any such subsequent assignment shall be subject to the rights of the Beneficiary under this Deed of Trust.  Trustor further agrees to execute and deliver such assignments of leases or assignments of contracts as Beneficiary may from time to time request. At any time during which an Event of Default has occurred and is continuing (1) the Trustor agrees, upon demand, to deliver to the Beneficiary all of the Leases and Sale Contracts with such additional assignments thereof as the Beneficiary may request and agrees that the Beneficiary may assume the management of the Real Property and collect the Rents and Sale Proceeds, applying the same upon the Liabilities in the manner provided in the Credit Agreement, and (2) the Trustor hereby authorizes and directs all tenants, purchasers or other persons occupying or otherwise acquiring any interest in any part of the Real Property to pay the Sale Proceeds and Rents to the Beneficiary upon request of the Beneficiary. Trustor hereby appoints Beneficiary as its true and lawful attorney in fact to manage said property and collect the Sale Proceeds and Rents, with full power to bring suit for collection thereof and possession of the Real Property, giving and granting unto said Beneficiary and unto its agent or attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in the protection of the security hereby conveyed; provided, however, that (i) this power of attorney and assignment of rents and proceeds shall not be construed as an obligation upon said Beneficiary to make or cause to be made any repairs that may be needful or necessary and (ii) Beneficiary agrees that until such Event of Default has occurred and is continuing as aforesaid, Beneficiary shall permit Trustor to perform the aforementioned management responsibilities.  Upon Beneficiary's receipt of the Rents and Sale Proceeds after and during the

continuance of an Event of Default, at Beneficiary's option, it may use the same to pay: (1) reasonable charges for collection thereof or hereunder, reasonable costs of necessary repairs and other reasonable costs requisite and necessary during the continuance of this power of attorney and assignment of rents and proceeds, (2) general and special taxes, insurance premiums, and (3) any or all of the Liabilities pursuant to the provisions of the Credit Agreement. This power of attorney and assignment of rents and proceeds shall be irrevocable until this Deed of Trust shall have been satisfied and released of record and the releasing of this Deed of Trust shall act as a revocation of this power of attorney and assignment of rents and proceeds. Beneficiary shall have and hereby expressly reserves the right and privilege (but assumes no obligation) to demand, collect, sue for, receive and recover the Rents and Sale Proceeds, or any part thereof, now existing or hereafter made, and apply the same in accordance with the provisions of the Credit Agreement.

All of the property described above, and each item of property therein described, not limited to but including the Land, the Premises, the Property Rights, the Fixtures, the Personal Property, the Real Property, the Intangibles, the Rents, the Leases, the Sale Proceeds and Sale Contracts is herein referred to as the "Trust Property."

Nothing herein contained shall be construed as constituting the Beneficiary a mortgagee-in-possession in the absence of the taking of actual possession of the Trust Property by the Beneficiary. Nothing contained in this Deed of Trust shall be construed as imposing on Beneficiary any of the obligations of the lessor under any Lease or of the seller under any Acquisition Agreement in the absence of an explicit assumption thereof by Beneficiary. In the exercise of the powers herein granted the Beneficiary, no liability shall be asserted or enforced against the Trustee or Beneficiary, all such liability being expressly waived and released by Trustor, except to the extent arising from the gross negligence or willful misconduct of Trustee or Beneficiary.

TO HAVE AND TO HOLD the Trust Property, properties, rights and privileges hereby conveyed or assigned, or intended so to be, unto Trustee and Beneficiary, its beneficiaries, successors and assigns, forever for the uses and purposes herein set forth. Trustor hereby releases and waives all rights under and by virtue of the homestead exemption laws, if any, of the State and Trustor hereby covenants, represents and warrants that, at the time of the ensealing and delivery of these presents, Trustor is well seised of the Trust Property in fee simple and with full legal and equitable title to the Trust Property, with good right, full power and lawful authority to sell, assign, convey and mortgage the Trust Property, and that the title to the Trust Property is free and clear of all encumbrances except for the matters set forth in the title policy issued to Beneficiary with respect to the Deed of Trust and nondelinquent tax liens, and that Trustor will warrant and forever defend the same against all lawful claims of all persons whomsoever. It is agreed by Trustor that the liability waived and released by Trustor pursuant to the preceding sentence shall include any liability arising from or caused by the sole, joint, active, or passive, concurrent or contributing, negligence or fault of Beneficiary or its agents, and even though such liability is based upon the strict liability of Beneficiary or its agents, except to the extent determined in a final non-appealable judgment by a court of competent jurisdiction to have resulted from the gross negligence or willful misconduct of Beneficiary or its agents.

The following provisions shall also constitute an integral part of this Deed of Trust:

1.    Payment of Taxes on the Deed of Trust. Without limiting any of the provisions of the Credit Agreement, Trustor agrees that, if the United States or any department, agency or bureau thereof or if the State or any of its subdivisions having jurisdiction shall at any time require documentary stamps to be affixed to this Deed of Trust or shall levy, assess, or charge any tax, assessment or imposition upon this Deed of Trust or the credit or indebtedness secured hereby or the interest of Beneficiary in the Premises or upon Beneficiary by reason of or as holder of any of the foregoing then, Trustor shall pay for such documentary stamps in the required amount and deliver them to Beneficiary or pay (or reimburse Beneficiary for) such taxes, assessments or impositions. Trustor agrees to exhibit to Beneficiary, at least annually and at any time upon request, official receipts showing payment of all taxes, assessments and charges which Trustor is required or elects to pay hereunder. Trustor agrees to indemnify Trustee and Beneficiary against liability on account of such documentary stamps, taxes, assessments or impositions, whether such liability arises before or after payment of the Liabilities and regardless of whether this Deed of Trust shall have been released.

2.    Leases Affecting the Real Property. Trustor agrees to perform in all material respects in a commercially reasonable manner all of its obligations under all present and future Leases at any time assigned to Beneficiary as additional security, and to refrain from any action or inaction which would result in termination of any such Leases or in the diminution of the value thereof or of the Rents due thereunder. All future Leases made after the date of recording of this Deed of Trust shall include provisions requiring the lessees thereunder, at Beneficiary's option and without any further documentation, to attorn to Beneficiary as lessor if for any reason Beneficiary becomes lessor thereunder, and, upon demand, pay rent to Beneficiary, and Beneficiary shall not be responsible under such Lease for matters arising prior to Beneficiary becoming lessor thereunder. Notwithstanding anything to the contrary contained here or in any of the other Loan Documents, Trustor shall not enter into any Lease without the prior written consent of Beneficiary in its sole and absolute discretion.

3.    Use of the Trust Property. Trustor agrees that it shall not permit the public to use the Trust Property in any manner that might tend, in Beneficiary's reasonable judgment, to impair Trustor's title to such property or any portion thereof, or to make possible any claim or claims of easement by prescription or of implied dedication to public use. Trustor shall not use or permit the use of any part of the Real Property for an illegal purpose, including, without limitation, the violation of any environmental laws, statutes, codes, regulations or practices.

4.    Indemnification. Without limiting any indemnification Trustor has granted in the Credit Agreement, Trustor agrees to indemnify and hold harmless Trustee, Beneficiary and Lenders from and against any and all losses, suits, liabilities, obligations, fines, damages, judgments, penalties, claims, charges, costs and expenses (including reasonable attorneys' and paralegals' fees, court costs and disbursements) which may be imposed on, incurred or paid by or asserted against any of the Trust Property, the Trustee, the Beneficiary or the Lenders by reason or on account of or in connection with (i) the construction, reconstruction or alteration of the Trust Property, (ii) any negligence or misconduct of Trustor, any lessee of the Trust Property, or any of their respective agents, contractors, subcontractors, servants,

employees, licensees or invitees, (iii) any accident, injury, death or damage to any person or property occurring in, on or about the Trust Property or any street, drive, sidewalk, curb or passageway adjacent thereto, or (iv) any other transaction arising out of or in any way connected with the Trust Property except to the extent arising from the gross negligence or willful misconduct of the party seeking indemnification (or its employees or agents). TRUSTOR EXPRESSLY AGREES THAT THE INDEMNIFICATION PROVISIONS OF THIS DEED OF TRUST REQUIRE AN INDEMNIFICATION OF BENEFICIARY FROM CLAIMS OR LOSSES ARISING AS A RESULT OF BENEFICIARY'S OWN NEGLIGENCE OR STRICT LIABILITY.

5.    Insurance.  Trustor shall, at its sole expense, obtain for, deliver to, assign and maintain for the benefit of Beneficiary and Lenders, until the Liabilities are paid in full, insurance policies as may reasonably be required by Beneficiary and as specified in the Credit Agreement. Moreover, if required by applicable laws, rules or regulations or by Beneficiary, Trustor shall purchase flood insurance, to the extent available at commercially reasonable rates, covering the Trust Property in such amounts as may be required or otherwise specified. In the event of a casualty loss, the net insurance proceeds from such insurance policies shall be collected, paid and applied as specified in the Credit Agreement.

6.    Condemnation Awards.  Trustor hereby assigns to Beneficiary, as additional security, all awards of damage resulting from condemnation proceedings or the taking of or injury to the Trust Property for public use, and Trustor agrees that the proceeds of all such awards shall be collected, paid and applied as specified in the Credit Agreement.

7.    Beneficiary's Performance of Default and Acts.  If Trustor fails to perform any of its covenants and agreements herein or in the Credit Agreement or any of the other Loan Documents after all applicable notice and cure periods, Beneficiary may, but need not, make any payment or perform any act herein or therein required of Trustor, in any form and manner deemed reasonably expedient, and, after prior notice to the Trustor, may, but need not, make full or partial payment on any Lien or other encumbrance which exists on the Trust Property in violation of any of the terms of the Credit Agreement or other Loan Documents, or redeem from any tax sale or forfeiture affecting the Trust Property or any part thereof or contest any tax or assessment. All monies paid for any of the purposes herein authorized and all reasonable expenses paid or incurred in connection therewith, including reasonable attorneys' fees and expenses, and any other monies advanced by Beneficiary to protect the Trust Property and the lien hereof shall be additional Liabilities secured hereby. Should any amount paid out or advanced by Beneficiary be used directly or indirectly to pay off, discharge or satisfy, in whole or in part, any such Lien or other encumbrance, then as additional security hereunder, Beneficiary shall be subrogated to any and all rights, equal or superior titles, Liens and equities, owned or claimed by any holder or owner of said outstanding Liens or other encumbrances, regardless of whether said Liens or other encumbrances are acquired by assignment or have been released of record by the holder thereof upon payment.

8.    Financing Statements.  Trustor hereby authorizes Beneficiary to file any and all financing statements and amendments thereto in such form and in such locations as Beneficiary deems necessary or appropriate in connection herewith as may be from time to time

8

required by Beneficiary in order to perfect, preserve, maintain, continue and extend the security interest granted and created under this Deed of Trust.

9.     Disbursement of Proceeds for Construction of Improvements. Trustor acknowledges, covenants and agrees that certain advances of the Loans secured hereby constitute a construction loan and that the proceeds of such advances are to be disbursed from time to time by the Lenders to Trustor in accordance with the provisions contained in the Credit Agreement, which provisions are incorporated herein by reference. Trustor, Beneficiary and the Lenders intend that, in addition to, and not exclusive of, any other debt, liability or obligation secured hereby, this Deed of Trust shall secure unpaid balances of all advances of the Loans and other extensions of credit made by the Beneficiary or Lenders to Trustor after this Deed of Trust is filed for recordation in the official records of the county in which the Premises are located. All borrowings and indebtedness arising and accruing under the Credit Agreement or under any of the Loan Documents or under any Approved Swap Transaction entered into by any Lender or any Affiliate thereof, from time to time, whether or not the resulting indebtedness may exceed the maximum principal amount set forth above in this Deed of Trust, shall be secured hereby.

10.     Remedies. Subject to the provisions of the Credit Agreement and the other Loan Documents, upon the occurrence and during the continuance of an Event of Default under the terms of the Credit Agreement ("Event of Default"), in addition to any rights and remedies provided for in the Credit Agreement and the other Loan Documents, and to the extent permitted by applicable law, the following provisions shall apply:

(a)     Beneficiary's Power of Enforcement. It shall be lawful for Beneficiary to (i) cause Trustee to sell the Trust Property either in whole or in separate parcels, as prescribed by State law, under power of sale, which power is hereby granted to Trustee to the full extent permitted by State law, and thereupon, to make and execute to any purchaser(s) thereof deeds of conveyance pursuant to applicable law or (ii) foreclose this Deed of Trust by judicial action in the manner provided by State law for foreclosure of real property mortgages. The court in which any proceeding is pending for the purpose of foreclosure or enforcement of this Deed of Trust, or any other court of competent jurisdiction, may, at once or at any time thereafter, either before or after sale, without notice and without requiring bond, and without regard to the solvency or insolvency of any person liable for payment of the Liabilities secured hereby, and without regard to the then value of the Trust Property or the occupancy thereof as a homestead, appoint a receiver (the provisions for the appointment of a receiver and assignment of rents being an express condition upon which the Loans hereby secured are made) for the benefit of Beneficiary, with power to collect the Rents and Sale Proceeds, due and to become due, during such foreclosure or enforcement suit and the full statutory period of redemption notwithstanding any redemption. The receiver, out of the Rents and Sale Proceeds when collected, may pay costs incurred in the management and operation of the Real Property, prior and subordinate liens, if any, and taxes, assessments, water and other utilities and insurance, then due or thereafter accruing, and may make and pay for any necessary repairs to the Real Property, and may pay all or any part of the Liabilities or other sums secured hereby or any deficiency decree entered in such foreclosure or enforcement proceedings. Upon or at any time after the filing of a suit to foreclose or enforce this Deed of Trust, the court in which such suit is filed shall have full power to enter an order placing Beneficiary in possession of the Real Property with the same power

9

granted to a receiver pursuant to this subparagraph and with all other rights and privileges of a mortgagee-in-possession under applicable law.

(b)     Beneficiary's Right to Enter and Take Possession, Operate and Apply Income. Subject to applicable Requirements of Law, Beneficiary shall, at its option, have the right, acting through its agents or attorneys, either with or without process of law, forcibly or otherwise, to enter upon and take possession of the Real Property, expel and remove any persons, goods, or chattels occupying or upon the same, to collect or receive all the Rents and Sale Proceeds, and to manage and control the same, and to lease the same or any part thereof, from time to time, and, after deducting all reasonable attorneys' fees and expenses, and all reasonable expenses incurred in the protection, care, maintenance, management and operation of the Real Property to the extent permitted by law, distribute and apply the remaining net income in accordance with the terms of the Credit Agreement or upon any deficiency decree entered in any foreclosure proceedings to the extent not otherwise provided by law.

(c)     Sale of Trust Property. Beneficiary through Trustee shall, at its option, have the right to effect a trustee's sale of the Real Property in whole or in part in lieu of judicial foreclosure, and the Beneficiary may instruct the Trustee, and the Trustee shall have the right in its discretion, to sell such portion of the Trust Property not theretofore released from the lien of this Deed of Trust as one parcel in its entirety or any part thereof, either in mass or in parcels, at public venue, to the highest bidder for cash, first giving notice of the time and place of sale, and a description of the property to be sold, by advertisement published as provided by the laws of the State and further complying with any and all other applicable notice provisions and other requirements of the laws of the State. The Trustee shall deliver to the purchaser at any such trustee's sale its deed, without warranty, which shall convey to the purchaser the interest in the property which the Trustor has or has the power to convey at the time of the execution of this Deed of Trust or hereafter. The Trustee's deed shall recite the facts showing that the sale was conducted in compliance with all the requirements of law and of this Deed of Trust, which recital shall be conclusive evidence of such compliance and evidence thereof in favor of bona fide purchasers and encumbrances for value without actual notice. At any sale, any person, including Trustor, Trustee or Beneficiary, may bid for and acquire the Trust Property or any part thereof to the extent permitted by then applicable law. Instead of paying cash for such property, Beneficiary may settle for the purchase price by crediting the sales price of the property against the obligations in the order provided by NRS 40.462.

For purposes of the power of sale, Beneficiary may elect to treat as personal property any Trust Property which is intangible or which can be severed from the real property or any improvement thereon without causing structural damage. If it chooses to do so, Beneficiary may dispose of any personal property separately from the sale of real property, in any manner permitted by Article 9 of the Code, including any public or private sale, or in any manner permitted by any other applicable law. In connection with any sale or other disposition of such personal property disposed of separately from the sale of real property, Trustor agrees that the following procedures constitute a commercially reasonable sale: Beneficiary shall mail written notice of the sale to Trustor not later than 45 days prior to such sale. Once per week during the four weeks immediately preceding such sale, Beneficiary will publish notice of the sale in the local daily newspaper of general circulation. Upon receipt of any written request, Beneficiary will make the personal property available to any bona fide prospective purchaser for

inspection during reasonable business hours. Notwithstanding the foregoing, Beneficiary shall be under no obligation to consummate a sale if, in its judgment, none of the offers received by it equals the fair value of the personal property offered for sale. The foregoing procedures do not constitute the only procedures that may be commercially reasonable.

Notwithstanding what may otherwise be provided herein, Beneficiary may choose to dispose of some or all of the Trust Property which consists solely of real property in any manner then permitted by applicable law. In its discretion, Beneficiary may also or alternatively choose to dispose of some or all of the Trust Property, in any combination consisting of both real and personal property, together in one sale to be held in accordance with the laws and procedures applicable to real property, to the extent permitted by State law. Trustor agrees that such a sale of personal property together with real property constitutes a commercially reasonable sale of the personal property. For purposes of this power of sale, either a sale of real property alone, or a sale of both real and personal property together, will sometimes be referred to as a "trustee's sale."

11.    _Application of the Rents or Proceeds from Foreclosure or Sale._    In any foreclosure of this Deed of Trust by judicial action, or any sale of the Trust Property by power of sale, in addition to any of the terms and provisions of the Credit Agreement, there shall be allowed (and included in the decree for sale in the event of a foreclosure by judicial action) to be paid out of the Rents or the proceeds of such foreclosure proceeding and/or sale subject to the distribution of foreclosure proceeds under applicable provisions of N.R.S. 40.462:

(a)    _Liabilities._    All of the Liabilities and other sums secured hereby which then remain unpaid; and

(b)    _Other Advances._    All other items advanced or paid by Beneficiary pursuant to this Deed of Trust; and

(c)    _Costs, Fees and Other Expenses._    All court costs, reasonable attorneys' and paralegals' fees and expenses, appraiser's fees, advertising costs, filing fees and transfer taxes, notice expenses, expenditures for documentary and expert evidence, stenographer's charges, publication costs, and costs (which may be estimated as to items to be expended after entry of the decree) of procuring all abstracts of title, title searches and examinations, title guarantees, title insurance policies and similar data with respect to title which Beneficiary in the reasonable exercise of its judgment may deem necessary. All such expenses shall become additional Liabilities secured hereby when paid or incurred by Beneficiary in connection with any proceedings, including but not limited to probate and bankruptcy proceedings or a deed in lieu of foreclosure, to which Beneficiary shall be a party, either as plaintiff, claimant or defendant, by reason of this Deed of Trust or any indebtedness hereby secured or in connection with the preparations for the commencement of any suit for the foreclosure, whether or not actually commenced, or sale by advertisement. The proceeds of any sale (whether through a foreclosure proceeding or Beneficiary's exercise of the power of sale) shall be distributed and applied in accordance with the terms of the Credit Agreement.

12.    _Cumulative Remedies; Delay or Omission Not a Waiver._    Each remedy or right of Beneficiary shall not be exclusive of but shall be in addition to every other remedy or

right now or hereafter existing at law or in equity. No delay in the exercise or omission to exercise any remedy or right accruing on the occurrence or existence of any Event of Default shall impair any such remedy or right or be construed to be a waiver of any such Event of Default or acquiescence therein, or rights with respect to any other Event of Default, nor shall it affect any subsequent Event of Default of the same or different nature. Every such remedy or right may be exercised concurrently or independently and when and as often as may be deemed expedient by Beneficiary. Any notice and cure periods provided in this Deed of Trust or the other Loan Documents may, at Beneficiary's sole option, run concurrently with any notice or cure period provided by law.

13. <u>Beneficiary's Remedies Against Multiple Parcels</u>. If more than one property, lot or parcel is covered by this Deed of Trust, and if this Deed of Trust is foreclosed upon, or judgment is entered upon any Liabilities secured hereby, or if Beneficiary or Trustee exercises its power of sale, execution may be made upon or Beneficiary or Trustee may exercise its power of sale against any one or more of the properties, lots or parcels and not upon the others, or upon all of such properties or parcels, either together or separately, and at different times or at the same time, and execution sales or sales by advertisement may likewise be conducted separately or concurrently, in each case at Beneficiary's election. The sale of Trust Property conducted pursuant to Covenants Nos. 6, 7 and 8 of NRS §107.030 may be conducted either as to the whole of said property or in separate parcels and in such order as Trustee may determine.

14. <u>No Merger</u>. In the event of a foreclosure of this Deed of Trust or any other mortgage, deed of trust or deeds to secure debt securing the Liabilities, the Liabilities then due the Beneficiary shall not be merged into any decree of foreclosure entered by the court, and Beneficiary or Trustee may concurrently or subsequently seek to foreclose one or more mortgages, deeds of trust, or deeds to secure debt which also secure said Liabilities.

15. <u>Notices</u>. All notices required or permitted to be given under this Deed of Trust shall be sent (and deemed received) in the manner and to the addresses set forth in the Credit Agreement.

16. <u>Extension of Payments</u>. To the extent permitted by applicable law, without affecting the encumbrance or charge of this Deed of Trust upon any portion of the Trust Property not then or theretofore released as security for the full amount of the Liabilities, Beneficiary may, from time to time and without notice, agree to (i) release any person liable for the Liabilities, (ii) extend the maturity or alter any of the terms of the Liabilities or any guaranty thereof, (iii) grant other indulgences, (iv) release or reconvey, or cause to be released or reconveyed at any time at Beneficiary's option any parcel, portion or all of the Trust Property, (v) take or release any other or additional security for any obligation herein mentioned, or (vi) make compositions or other arrangements with debtors in relation thereto.

17. <u>Governing Law</u>. This Deed of Trust and all obligations secured hereby are governed by and to be construed in accordance with the internal laws, but otherwise without regard to the conflict of laws provisions, of the state of New York. The parties stipulate and agree that the state of New York has a substantial relationship to the underlying transactions related to this Deed of Trust and the parties involved. Notwithstanding the foregoing, the parties

stipulate and agree that State law governs the creation, perfection and enforcement of all liens and security interests described herein, and the application of all monies collected hereunder and provisional remedies directly related to the real property encumbered hereby, including, without limitation, appointment of a receiver. Where not inconsistent with the other provisions of this Deed of Trust, Covenant Nos. 1, 2 (full replacement value), 3, 4 (default rate), 5, 6, 7 (a reasonable percentage), 8 and 9 of N.R.S. 107.030 are hereby adopted and made a part of this Deed of Trust. including a hearing to determine fair market value pursuant to N.R.S. 40.457 and/or 40.459. Wherever possible, each provision of this Deed of Trust shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Deed of Trust shall be prohibited by or invalid under applicable law, such provision shall be ineffective only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Deed of Trust.

        18.    <u>Reconveyance</u>.

        (a)    Upon Beneficiary's written request, and upon surrender of this Deed of Trust or certified copy thereof and any note, instrument or instruments setting forth all obligations secured hereby to Trustee for cancellation, Trustee shall reconvey, without warranty, the Trust Property of that portion thereof then held hereunder. The recitals of any matters or facts in any reconveyance executed hereunder shall be conclusive proof of the truthfulness thereof. To the extent permitted by law, the reconveyance may describe the grantee as the person or persons legally entitled thereto. Neither Beneficiary nor Trustee shall have any duty to determine the rights of persons claiming to be rightful grantees of any reconveyance. When the Trust Property has been fully reconveyed, the last such reconveyance shall operate as a reassignment of all future rent, issues and profits of the Trust Property to the person or persons legally entitled thereto.

        (b)    In addition, portions of the Trust Property shall from time to time be released from this Deed of Trust in accordance with, and subject to the terms of, Section 7.03 of the Credit Agreement.

        19.    <u>Successors and Assigns Included in Parties</u>. This Deed of Trust shall be binding upon the Trustor and upon the successors, assigns and vendees of the Trustor and the assigns, vendees and other transferees of the Trust Property and shall inure to the benefit of the Trustee's and Beneficiary's successors and assigns; all references herein to the Trustor and to the Beneficiary shall be deemed to include their respective successors and assigns. Trustor's successors and assigns shall include, without limitation, a receiver, trustee or debtor in possession of or for the Trustor. Wherever used, the singular number shall include the plural, the plural shall include the singular, and the use of any gender shall be applicable to all genders.

        20.    <u>Waiver of Redemption Laws</u>. To the full extent permitted by law, Trustor hereby waives any and all statutory or other rights of redemption from sale under any order or decree of foreclosure of this Deed of Trust, on its own behalf and on behalf of each and every person acquiring any interest in or title to the trust Property subsequent to the date hereof.

        21.    <u>Future Advances</u>. This Deed of Trust is given for the purpose of securing loan advances which the Beneficiary and the Lenders may make to or for Trustor pursuant and

subject to the terms and provisions of the Credit Agreement. The parties hereto intend that, in addition to any other debt or obligation secured hereby, this Deed of Trust shall secure unpaid balances of loan advances under the Credit Agreement made after this Deed of Trust is delivered for recordation in the official records of the city or county in which the Trust Property is located, whether made pursuant to an obligation of Beneficiary or otherwise, and in such event, such advances shall be secured to the same extent as if such future advances were made on the date hereof, although there may be no advance made at the time of execution hereof and although there may be no indebtedness outstanding at the time any advance is made. Such loan advances may or may not be evidenced by notes executed pursuant to the Credit Agreement. Funds disbursed that, in the reasonable exercise of Beneficiary's judgment, are needed to complete the Improvements to the Land or to protect Beneficiary's security are to be deemed obligatory advances hereunder and will be added to the Liabilities secured by this Deed of Trust and these Liabilities shall be increased accordingly. This Deed of Trust is governed by the provisions of N.R.S. 106.300 to 106.400, inclusive. The maximum amount of principal to be secured is $585,000,000. The maximum amount of advances of principal to be secured by this Deed of Trust may increase or decrease from time to time by amendment of this Deed of Trust.

      22.    <u>Interpretation with Other Documents</u>. Notwithstanding anything in this Deed of Trust to the contrary, in the event of a conflict or inconsistency between this Deed of Trust and the Credit Agreement, the provisions of the Credit Agreement shall govern.

      23.    <u>Invalid Provisions to Affect No Others</u>. In the event that any of the covenants, agreements, terms or provisions contained in this Deed of Trust shall be invalid, illegal or unenforceable in any respect, the validity of the remaining covenants, agreements, terms or provisions contained herein or in the Credit Agreement shall not be in any way affected, prejudiced or disturbed thereby. In the event that the application of any of the covenants, agreements, terms or provisions of this Deed of Trust is held to be invalid, illegal or unenforceable, those covenants, agreements, terms and provisions shall not be in any way affected, prejudiced or disturbed when otherwise applied.

      24.    <u>Changes</u>. Neither this Deed of Trust nor any term hereof may be changed, waived, discharged or terminated orally, or by any action or inaction, but only by an instrument in writing signed by the party against which enforcement of the change, waiver, discharge or termination is sought. To the extent permitted by law, any agreement hereafter made by Trustor and Beneficiary relating to this Deed of Trust shall be superior to the rights of the holder of any intervening lien or encumbrance.

      25.    <u>Time of Essence</u>. Time is of the essence with respect to the provisions of this Deed of Trust.

      26.    <u>Acceptance Of Trust; Powers And Duties Of Trustee</u>.

      (a) Trustee accepts this trust when this Deed of Trust is recorded. Except as may be required by applicable law, Trustee or Beneficiary may from time to time apply to any court of competent jurisdiction for aid and direction in the execution of the trust hereunder and the enforcement of the rights and remedies available hereunder, and may obtain orders or decrees

directing or confirming or approving acts in the execution of said trust and the enforcement of said remedies.

(b) Trustee shall not be required to take any action toward the execution and enforcement of the trust hereby created or to institute, appear in, or defend any action, suit, or other proceeding in connection therewith where, in Trustor's opinion, such action would be likely to involve Trustee in expense or liability, unless requested so to do by a written instrument signed by Beneficiary and, if Trustee so requests, unless Trustee is tendered security and indemnity satisfactory to Trustee against any and all cost, expense, and liability arising therefrom. Trustee shall not be responsible for the execution, acknowledgment, or validity of the Loan Documents, or for the proper authorization thereof, or for the sufficiency of the lien and security interest purported to be created hereby, and Trustee makes no representation in respect thereof or in respect of the rights, remedies, and recourses of Beneficiary.

(c) With the approval of Beneficiary, Trustee shall have the right to take any and all of the following actions: (i) to select, employ, and advise with counsel (who may be, but need not be, counsel for Beneficiary) upon any matters arising hereunder, including the preparation, execution, and interpretation of the Loan Documents, and shall be fully protected in relying as to legal matters on the advice of counsel, (ii) to execute any of the trusts and powers hereof and to perform any duty hereunder either directly or through his agents or attorneys, (iii) to select and employ, in and about the execution of his duties hereunder, suitable accountants, engineers and other experts, agents and attorneys-in-fact, either corporate or individual, not regularly in the employ of Trustee, and Trustee shall not be answerable for any act, default, negligence, or misconduct of any such accountant, engineer or other expert, agent or attorney-in-fact, if selected with reasonable care, or for any error of judgment or act done by Trustee in good faith, or be otherwise responsible or accountable under any circumstances whatsoever, except for Trustee's gross negligence or bad faith, and (iv) any and all other lawful action as Beneficiary may instruct Trustee to take to protect or enforce Beneficiary's rights hereunder. Trustee shall not be personally liable in case of entry by Trustee, or anyone entering by virtue of the powers herein granted to Trustee, upon the Trust Property for debts contracted for or liability or damages incurred in the management or operation of the Trust Property. Trustee shall have the right to rely on any instrument, document, or signature authorizing or supporting any action taken or proposed to be taken by Trustee hereunder, believed by Trustee in good faith to be genuine. Trustee shall be entitled to reimbursement for expenses incurred by Trustee in the performance of Trustee's duties hereunder and to reasonable compensation for such of Trustee's services hereunder as shall be rendered. **TRUSTOR WILL, FROM TIME TO TIME, PAY THE COMPENSATION DUE TO TRUSTEE HEREUNDER AND REIMBURSE TRUSTEE FOR, AND INDEMNIFY AND HOLD HARMLESS TRUSTEE AGAINST, ANY AND ALL LIABILITY AND EXPENSES WHICH MAY BE INCURRED BY TRUSTEE IN THE PERFORMANCE OF TRUSTEE'S DUTIES, OTHER THAN AS A RESULT OF THE GROSS NEGLIGENCE OF WILLFUL MISCONDUCT OF THE TRUSTEE, THE BENEFICIARY OR THE HOLDERS OF THE SECURED OBLIGATIONS.**

(d) All moneys received by Trustee shall, until used or applied as herein provided, be held in trust for the purposes for which they were received, but need not be segregated in any manner from any other moneys (except to the extent required by applicable law) and Trustee shall be under no liability for interest on any moneys received by Trustee hereunder.

(e) Should any deed, conveyance, or instrument of any nature be required from Trustor by any Trustee or substitute Trustee to more fully and certainly vest in and confirm to the Trustee or substitute Trustee such estates, rights, powers, and duties, then, upon request by the Trustee or substitute Trustee, any and all such deeds, conveyances and instruments shall be made, executed, acknowledged, and delivered and shall be caused to be recorded and/or filed by Trustor.

(f) By accepting or approving anything required to be observed, performed, or fulfilled or to be given to Trustee pursuant to the Loan Documents, including without limitation, any deed, conveyance, instrument, officer's certificate, balance sheet, statement of profit and loss or other financial statement, survey, appraisal, or insurance policy, Trustee shall not be deemed to have warranted, consented to, or affirmed the sufficiency, legality, effectiveness, or legal effect of the same, or of any term, provision, or condition thereof, and such acceptance or approval thereof shall not be or constitute any warranty or affirmation with respect thereto by Trustee.

(g) From time to time when requested to do so by Beneficiary in writing, Trustee may perform any of the following acts without incurring any liability or giving notice to any person: (i) consent to the making of any plat or map of the Trust Property or any part of it; (ii) join in granting any easement or creating any restriction affecting the Trust Property; (iii) join in any subordination or other agreement affecting this Deed of Trust or the lien or security interest of it; or (iv) reconvey the Trust Property or any part of it without any warranty.

27.    Successor Trustee. Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument as required by State law, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary duly acknowledged and recorded in the office of the recorder of the county or counties where the Trust Property is situated, shall be proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties.

28.    Trustee Covenants. Trustee covenants faithfully to perform the trust herein created, being liable, however, only for gross negligence or willful misconduct. Trustee accepts this Trust, when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

29.    Maturity Date. The Liabilities have a final maturity date of October 31, 2009 as the same may be extended or otherwise modified from time to time.

30.    No Strict Construction. The parties hereto have participated jointly in the negotiation and drafting of this Deed of Trust. In the event an ambiguity or question of intent or interpretation arises, this Deed of Trust shall be construed as if drafted jointly by the parties hereto and no presumption or burden of proof shall arise favoring or disfavoring any party by virtue of the authorship of any provisions of this Deed of Trust.

## SIGNATURE PAGE TO DEED OF TRUST

IN WITNESS WHEREOF, this Deed of Trust is executed as of the day and year first above written by the person or persons identified below on behalf of Trustor (and said person or persons hereby represent that they possess full power and authority to execute this instrument).

TRUSTOR:

SOUTH EDGE, LLC, a Nevada limited-liability company

By:  Holdings Manager, LLC, a Nevada limited-liability company, its general manager

By: _____
      John A. Ritter
      General Manager

State of Nevada
County of Clark

This instrument was acknowledged before me on _Oct 29th_, 2004 by John A. Ritter, as
general manager of Holdings Manager, LLC, general manager of SOUTH EDGE, LLC, a
Nevada limited-liability company.

_(Signature of notarial officer)_

(Seal, if any)

**NOTARY PUBLIC
STATE OF NEVADA
County of Clark**
Saleemah B. Mannsur-Johnston
Appt. No. 03-79909-1
My Appt. Expires Feb. 6, 2007

# EXHIBIT A

## Legal Description of the Land

All that land situated in the County of Clark, State of Nevada, more particularly described as follows:

**PARCEL 1:**

The South Half (S ½) of the South Half (S ½) of the Northwest Quarter (NW ¼) of the Southeast Quarter (SE ¼); and the Southwest Quarter (SW ¼) of the Southeast Quarter (SE ¼); and the West Half (W ½) of the West Half (W ½) of the Southeast Quarter (SE ¼) of the Southeast Quarter (SE ¼); and the East Half (E ½) of the Southeast Quarter (SE ¼) of the Southwest Quarter (SW ¼); and the South Half (S ½) of the Southeast Quarter (SE ¼) of the Northeast Quarter (NE ¼) of the Southwest Quarter (SW ¼) of Section 11, Township 23 South, Range 61 East, M.D.M., Clark County, Nevada.

**PARCEL 2:**

The East Half (E ½) of the East Half (E ½) of the Northwest Quarter (NW ¼); and the West Half (W ½) of the Northeast Quarter (NE ¼); and the West Half (W ½) of the West Half (W ½) of the Northeast Quarter (NE ¼) of the Northeast Quarter (NE ¼); and the Southeast Quarter (SE ¼) of the Southwest Quarter (SW ¼) of the Northeast Quarter (NE ¼) of the Northeast Quarter (NE ¼); and the West Half (W ½) of the Southeast Quarter (SE ¼) of the Northeast Quarter (NE ¼); and the West Half (W ½) of the East Half (E ½) of the Southeast Quarter (SE ¼) of the Northeast Quarter (NE ¼); and the Southeast Quarter (SE ¼); and the East Half (E ½) of the Northeast Quarter (NE ¼) of the Southwest Quarter (SW ¼); and the Southeast Quarter (SE ¼) of the Southwest Quarter (SW ¼); and the South Half (S ½) of the Southwest Quarter (SW ¼) of the Southwest Quarter (SW ¼); and the Northeast Quarter (NE ¼) of the Southwest Quarter (SW ¼) of the Northeast Quarter (NE ¼) of the Southwest Quarter (SW ¼); and the South Half (S ½) of the Southwest Quarter (SW ¼) of the Northeast Quarter (NE ¼) of the Southwest Quarter (SW ¼); and the Northeast Quarter (NE ¼) of the Northeast Quarter (NE ¼) of the Southwest Quarter (SW ¼) of the Southwest Quarter (SW ¼); and the South Half (S ½) of the Northeast Quarter (NE ¼) of the Southwest Quarter (SW ¼) of the Southwest Quarter (SW ¼); and the Southwest Quarter (SW ¼) of the Northwest Quarter (NW ¼) of the Southwest Quarter (SW ¼) of the Southwest Quarter (SW ¼) of Section 14, Township 23 South, Range 61 East, M.D.M., Clark County, Nevada.

**PARCEL 3:**

The South Half (S ½) of the Southeast Quarter (SE ¼); and the South Half (S ½) of the Northwest Quarter (NW ¼) of the Southeast Quarter (SE ¼); and the Southwest Quarter (SW ¼) of the Northeast Quarter (NE ¼) of the Southeast Quarter (SE ¼); and the Southwest Quarter (SW ¼) of the Southeast Quarter (SE ¼) of the Northeast Quarter (NE ¼) of the Southeast Quarter (SE ¼); and the Southwest Quarter (SW ¼) of the Northwest Quarter (NW ¼) of the Northeast Quarter (NE ¼) of the Southeast Quarter (SE ¼); and the South Half (S ½) of the Northeast Quarter (NE ¼) of the Northwest Quarter (NW ¼) of the Southeast Quarter (SE ¼); and the Northeast Quarter (NE ¼) of the Northeast Quarter (NE ¼) of the Northwest Quarter (NW ¼) of the Southeast Quarter (SE ¼) of Section 15, Township 23 South, Range 61 East, M.D.M., Clark County, Nevada.

**PARCEL 4:**

The East Half (E ½); and the Southwest Quarter (SW ¼) of Section 22, Township 23 South, Range 61 East, M.D.M., Clark County, Nevada.

PARCEL 5:

All of Section 23, Township 23 South, Range 61 East, M.D.M., Clark County, Nevada.

PARCEL 6:

The Southwest Quarter (SW ¼) of the Northwest Quarter (NW ¼) of the Northwest Quarter (NW ¼) of the Northwest Quarter (NW ¼); and the Southwest Quarter (SW ¼) of the Northwest Quarter (NW ¼) of the Northwest Quarter (NW ¼); and the Southwest Quarter (SW ¼) of the Southeast Quarter (SE ¼) of the Northwest Quarter (NW ¼) of the Northwest Quarter (NW ¼); and the West Half (W ½) of the Southwest Quarter (SW ¼) of the Northwest Quarter (NW ¼); and the West Half (W ½) of the East Half (E ½) of the Southwest Quarter (SW ¼) of the Northwest Quarter (NW ¼); and the East Half (E ½) of the Southeast Quarter (SE ¼) of the Southwest Quarter (SW ¼) of the Northwest Quarter (NW ¼); and the Southeast Quarter (SE ¼) of the Northeast Quarter (NE ¼) of the Southwest Quarter (SW ¼) of the Northwest Quarter (NW ¼); and the West Half (W ½) of the Southwest Quarter (SW ¼) of the Southeast Quarter (SE ¼) of the Northwest Quarter (NW ¼); and the West Half (W ½) of the Southwest Quarter (SW ¼); and the West Half (W ½) of the East Half (E ½) of the Southwest Quarter (SW ¼); and the West Half (W ½) of the Northeast Quarter (NE ¼) of the Southeast Quarter (SE ¼) of the Southwest Quarter (SW ¼); and the Southeast Quarter (SE ¼) of the Southeast Quarter (SE ¼) of the Southwest Quarter (SW ¼) of Section 24, Township 23 South, Range 61 East, M.D.M., Clark County, Nevada.