# EXHIBIT J

# J.P.Morgan

John McDonagh
Managing Director

### ***NOTICE OF EVENTS OF DEFAULT***

November 23, 2010

**Via Telecopy to (702) 216-2067**

South Edge, LLC
c/o Focus South Group LLC
3455 Cliff Shadows Parkway, Suite 220
Las Vegas, NV 89189
Attention: John A. Ritter

Re:  Amended and Restated Credit Agreement dated as of March 9, 2007 (the "Credit Agreement"), among South Edge, LLC, a Nevada limited-liability company ("Borrower"), JPMorgan Chase Bank, N.A. as Administrative Agent ("Agent"), the Royal Bank of Scotland PLC, as Syndication Agent, J.P. Morgan Securities Inc., as Sole Book Runner and Sole Lead Arranger, and the Lenders party thereto; and "Loan Documents" as defined therein, including the Forbearance Agreement

Dear Borrower:

## Certain Definitions

Reference is made to the Credit Agreement and other Loan Documents. Terms defined in the Credit Agreement and used, but not otherwise defined, herein have the meanings ascribed to such terms in the Credit Agreement. If not defined in the Credit Agreement, but defined in another Loan Document referenced herein, then such terms shall have the meanings ascribed to such terms in the referenced Loan Document.

Reference is also made to the "Final Award" dated July 6, 2010 in the JAMS Arbitration Proceeding No. 1260001162 (the "Arbitration Award") in that arbitration (the "Arbitration"). In addition, reference is made to the litigation relating to Borrower among Guarantors and Agent pending as JPMorgan Chase Bank, N.A. v. KB Home et al. pending in the U.S. District Court for the District of Nevada in cases CV-01711-PMP-RJJ, 2:08-CV-01709-PMP-RJJ, 2:08-CV-01713-PMP-RJJ, 2:08-CV-01714-PMP-RJJ, 2:08-CV-01715-PMP-RJJ, 2:08-CV-01716-PMP-RJJ, 2:08-CV-01717-PMP-RJJ, 2:09-CV-01154-PMP-RJJ, 2:09-CV-01547-PMP-RJJ, 2:09-CV-01548-PMP-RJJ, 2:09-CV-01549-PMP-RJJ, 2:09-CV-01550-PMP-RJJ, 2:09-CV-01551-PMP-RJJ, 2:09-CV-01552-PMP-RJJ, (the "Nevada Litigation"), including the amended complaints filed therein by or on behalf of Agent and related motions, briefs, declarations, and other filings by or for the Agent at any time in such

ny-948315

383 Madison Avenue, 23rd Floor, New York, New York 10179
Telephone +1 212 622 4529   Facsimile +1 212 622 4557   john.mcdonagh@chase.com

JPMorgan Chase Bank, N.A.

South Edge, LLC
November 23, 2010
Page Two

action (collectively the "Agent's Nevada Litigation") and the amended cross-complaints and related motions, briefs, declarations, and other filings therein (collectively the "Builders' Nevada Litigation") by any Credit Party Defendant therein besides Focus and Borrower (collectively the "Builders"). All Events of Default under the Credit Agreement, including those addressed in this letter, cause "immediate and self-executing Events of Default" under the Operating Agreement as explained in the Arbitration Award. The seriousness, comprehensiveness and nature of such Cross-Events of Default prevent Borrower from actions or decisions being authorized or directed by the Builder Members that are adverse to the Lenders or the Project, such as the type threatened or asserted in the Builders' Nevada Litigation.

Defaults/Events of Default

This letter is to advise the Borrower and Guarantors that additional Defaults and Events of Default have occurred pursuant to Section 9.01 of the Credit Agreement as follows:

- Borrower's failure to timely pay interest and principal on the Loans, which debts have matured by their terms, resulting in Events of Default under Sections 9.01(a) and 9.01(b) of the Credit Agreement;

- The failure of the Builder Members to timely perform Takedowns, as required by Sections 5.07 and 5.08 of the Credit Agreement and by the Assignment of Acquisition Agreements, as confirmed in the Arbitration Award, together with certain other breaches of the Credit Agreement, resulting in Events of Default under Sections 9.01(d), (e) and (l) of the Credit Agreement;

- The purported unilateral amendments and extensions with respect to Takedowns, wrongly attempted by the Builders as referenced in the Arbitration Award, in violation of Section 7.03(a) of the Credit Agreement and the Assignment of Acquisitions Agreement, thereby resulting in Events of Default pursuant to Sections 9.01(d), (e) and (l) of the Credit Agreement;

- The voluntary filing by Woodside Group, Inc., Alameda Investments LLC, Kimball Hill, Inc. and Kimball Hill Homes Nevada, Inc. of petitions seeking reorganization under Title 11 of the United States Code, as well as the rejection of all obligations to Borrower pursuant to 11 U.S.C. § 365, resulting in Events of Default under Sections 9.01(i) and (r) of the Credit Agreement;

- Borrower's failure to diligently continue and complete construction of the Improvements on the Project in the manner and time required under Sections 5.01 and 9.01(o) of the Credit Agreement, including as confirmed in the Arbitration

ny-948315

South Edge, LLC
November 23, 2010
Page Three

    Award and including the Improvements that are required by the Development Agreement, any other Project Agreements, any Project Contract, or other Borrower contracts with the City or which are needed to maintain or preserve any Permit or any entitlement or benefit for the Project from the City, including those that have been identified to Borrower or its agents or contractors by the City as Improvements or other work needed to be performed at or about the Project;

- Borrower's shutting down, suspending required work and activities, and other violations of Sections 5.07 and 9.01(o), including those referenced in the Arbitration Award, which create Material Adverse Effects and create Events of Default under Sections 9.01(e) and (o) of the Credit Agreement, together with the other failures of Borrower to perform the aforementioned work and activities as required by or for the City or the Development Agreement, the other Project Agreements or Project Contracts;

- Borrower's terminating, amending or making Modifications in the Construction Management Agreement, the Project Engineer's Agreement and other Major Project Contracts or Major Subcontracts or Approved Plans and Specifications, Approved Project Schedule or Approved Project Budget, in violation of Sections 5.08 or 5.07, which materially harm the value of the Collateral and create Events of Default under Sections 9.01(e) and (o) of the Credit Agreement;

- Failure by the Members to make the Capital Contributions under section 2.3.6 of the Operating Agreement in order to finance the costs of constructing portions of the Major Infrastructure, resulting in an Event of Default pursuant to Operating Agreement Section 11.1.1 and as otherwise described in the Arbitration Award;

- Borrower's failure to provide notice of delays in the construction of the Project as required by Section 5.04 of the Credit Agreement, each resulting in Events of Default pursuant to Sections 9.01(d), (e) and (o) of the Credit Agreement;

- Borrower's failure to timely make Balancing Payments requested in a Balancing Notice from the Administrative Agent as required pursuant to Section 5.09 of the Credit Agreement, including as referenced in the Agent's Nevada Litigation, resulting in Events of Default pursuant to Credit Agreement Section 9.01(d);

- Borrower's failure to provide information regarding the Project and related matters in response to requests for such information by the Administrative Agent as required pursuant to Sections 5.12, 6.01, 6.02 and 6.06 of the Credit Agreement, resulting in Events of Default pursuant to Credit Agreement Section 9.01(e);

- Borrower's failure to timely pay interest in the LID Bonds as required pursuant to Sections 6.04, 6.15 and 7.02 of the Credit Agreement, resulting in Events of Default

ny-948315

South Edge, LLC
November 23, 2010
Page Four

        pursuant to Credit Agreement Sections 9.01(d) and 9.01(e), as well as the failure to pay when due Project LID bond and property tax obligations as noticed to Borrower in violation of Section 9.01(p) which, even when and to the extent cured by late payment, continue to prejudice the rights and interests of the Lenders by inspiring consideration by the City and LID bondholders to consider adverse changes in the availability of LID proceeds for the Project;

- Borrower's failure to maintain the interest reserve provided for in the Operating Agreement as required pursuant to Section 6.18 of the Credit Agreement, resulting in Events of Default pursuant to Credit Agreement Section 9.01(e);

- Borrower has engaged in transactions with Affiliates of Members or Members in violation of Credit Agreement Sections 7.07 and 8.01(v), creating Events of Default under Section 9.01(e), including as described in the Arbitration Award and Agent's Nevada Litigation. Such prohibited transactions also including Borrower's allowing Builder Members to make decisions for Borrower, or to require or cause actions by Borrower, that are contrary to the prohibition in the Arbitration Award (and Operating Agreement § 11.2) for such defaulting Builder Members to vote as to "matters relating to their Events of Default";

- Borrower has violated its Operating Agreement contrary to Section 8.01(y) of the Credit Agreement, as described in the Arbitration Award and Agent's Nevada Litigation creating Events of Default under Section 9.01(e);

- Borrower has inadequate capital in violation of Section 8.01(x) creating Events of Default under Section 9.01(e);

- Borrower has become unable, and has generally failed, to pay its debts as they come due under in violation of, and creating Events of Default under, Section 9.01(j); and

- Any other Defaults or Events of Default that are admitted by Borrower or should have been admitted by Borrower in response to the Agent's letter dated as of the date hereof, including in response to the Agent's reminder to comply with Credit Agreement § 6.02.

        All rights and remedies of Lenders and Agent on account of all Defaults and Events of Default under or pursuant to any or all of the Loan Documents are expressly reserved. Agent may at any time do whatever is permitted by the Loan Documents or by applicable law, including as provided in Sections 9.02 or 9.03 of the Credit Agreement or Deed of Trust Section 10, including without limitation (and without any obligation to do so) to perform or pay any obligations of the Borrower for the account of Borrower or otherwise to do any act that Borrower might do on its own behalf, including as provided in Credit Agreement § 9.03, Assignment of Acquisition Agreement §§ 13 and 3, Deed of Trust §§ 7, 10(b) and 12 and

ny-948315

South Edge, LLC
November 23, 2010
Page Five

p.5, and Assignment of Contracts, Permits and Plans and Specifications §§ 3 and 7. Pursuant to Sections 9.03(d) and (k) of the Credit Agreement, the Agent may make the Approved Plans and Specifications conform to the requirements of the Loan Documents, the draws under the Credit Agreement, what was actually created or what the City expects based on filings by or on behalf of Borrower or its contractors or agents.

In addition, pursuant to Section 11.03(b) of the Credit Agreement, Agent demands, on behalf of itself and Lenders and their Related Parties, indemnification on account of the Builders' Nevada Litigation, as well as all reasonable out-of-pocket expenses incurred by any of them pursuant to Section 11.03, including on account of their need to respond to Builder discovery in the Nevada Litigation or otherwise on account of the Events of Default. Agent likewise demands indemnification under the Assignment of Acquisition Agreements § 15, the Deed of Trust § 4, and the Assignment of Contracts, Permits, and Plans and Specifications § 9 as to all the relevant defaults and wrongs committed or threatened by Builders either directly or through their purported control over the Borrower, including those referenced in the Arbitration Award or Agent's Nevada Litigation.

## Miscellaneous Matters

If and to the extent that Borrower disputes any default or Event of Default for any reason or to any extent, Agent demands, pursuant to Sections 6.01, 6.02 and 6.18 of the Credit Agreement and other the Loan Documents, that Borrower describe the basis for each such dispute and deliver all relevant evidence and documentation of its position.

Borrower is reminded that as a consequence of the Defaults and Events of Default described herein, the Agent and the Lenders may at any time take any and all such actions as they deem appropriate to protect the Lenders' interests and Collateral under the Loan Documents and to collect the debt thereunder. Such actions may be taken at any time without further notice or demand except as may be required pursuant to applicable law. In the event any such actions are taken, the Agent and the Lenders shall hold the Borrower responsible for all their additional costs and expenses, including attorney's fees and court costs, incurred in connection with the enforcement of the Loan Documents and the realization upon or protection of the security for the Loans.

In the event the Borrower makes any subsequent payment of any amount less than all of the indebtedness due and payable under the Loan (a "Partial Payment"), the Agent may apply such Partial Payment to the indebtedness owing under the Loan Documents as a partial payment. No such Partial Payment or the acceptance thereof by the Agent shall constitute or be deemed or construed as a waiver of any default under the Loan Documents. In addition, any Partial Payment or the acceptance of any Partial Payment by Agent or any Lender shall not constitute or be deemed or construed as a cure of any existing default under the Loan

ny-948315

South Edge, LLC
November 23, 2010
Page Six


Documents, a modification of the Loan Documents or the terms of this letter, a reinstatement or satisfaction of the Loan, or a waiver, modification, relinquishment or forbearance by the Agent or the Lenders of any of their rights or remedies under the Loan Documents or at law or in equity, all of which rights and remedies the Agent and the Lenders hereby expressly reserve.

Please direct any questions concerning this matter to the undersigned at the address and telephone number set forth above.

Nothing contained in this letter is intended to create or constitute a waiver, modification, relinquishment or forbearance by Agent or any Lender of any of its rights and remedies under the Loan Documents or Agent's Nevada Litigation, including without limitation, any and all rights or remedies in connection with any other Defaults or Events of Default that may now or hereafter exist under the Loan Documents, all of which rights and remedies are hereby expressly reserved.

Sincerely,

*[signature]*

John McDonagh
Managing Director

cc:

    Kummer Kaempfer Bonner & Renshaw
    Seventh Floor
    3800 Howard Hughes Parkway
    Las Vegas, NA 89109
    Attention:     John C. Jeppsen
    Telecopy No.:  (702) 796-7181

    Ballard Spahr Andrews & Ingersoll LLP
    1735 Market Street
    Philadelphia, PA 19103-7599
    Attention:     Richard Perelman
    Telecopy No.:  (215) 864-9973


ny-948315

South Edge, LLC
November 23, 2010
Page Seven

    KB Home Nevada, Inc.
    750 Pilot Road, Suite F
    Las Vegas, NV 89119
    Attention:    James Widner
    Telecopy No.:    (702) 614-2645

    KB Home Nevada, Inc.
    750 Pilot Road, Suite F
    Las Vegas, NV 89119
    Attention:    Chris Stephens
    Telecopy No.:    (702) 614-2645

    KB Home
    10990 Wilshire Blvd.
    Los Angeles, CA 90024
    Attention:    Kelly M. Allred
    Telecopy No.:    (310) 231-4140

    Beazer Homes USA, Inc.
    1000 Abernathy Road
    Suite 1200
    Atlanta, GA 30328
    Attention:    Cory J. Boydston
                     Senior Vice President
    Telecopy No.:    (404) 847-4903

    Beazer Homes USA, Inc.
    4670 South Fort Apache Road
    Suite 200
    Las Vegas, NV 89147
    Attention:    Division President
    Telecopy No.:    (702) 837-2101

    Beazer Homes Holdings Corp.
    1000 Abernathy Road
    Suite 1200
    Atlanta, GA 30328
    Attention:    Cory J. Boydston
    Senior Vice President
    Telecopy No.:    (404) 847-4903

ny-948315

South Edge, LLC
November 23, 2010
Page Eight

      Beazer Homes Holdings Corp.
      4670 South Fort Apache Road
      Suite 200
      Las Vegas, NV 89147
      Attention:     Division President
      Telecopy No.: (702) 837-2101

      Rice Silbey Reuther & Sullivan, LLP
      3960 Howard Hughes Parkway
      Suite 700
      Las Vegas, NV 89109
      Attention:     Stephen M. Sullivan, Esq.
      Telecopy No.: (702) 732-7110

      Holland & Knight, LLP
      131 S. Dearborn Street
      30th Floor
      Chicago, IL 60603
      Attention:     John R. Nyweide, Esq.
      Telecopy No.: (312) 715-5740

      MTH-Homes Nevada, Inc.
      555 West Badura Avenue, Suite 120
      Las Vegas, NV 89118
      Attention:     Robert M. Beville
      Telecopy No.: (702) 896-9191

      Meritage Homes Corporation
      8501 East Princess Drive, Suite 290
      Scottsdale, AZ 85255
      Attention:     Larry Seay
      Telecopy No.: (480) 998-9178

      Pardee Homes of Nevada
      10880 Wilshire Boulevard, Suite 1900
      Los Angeles, CA 90024
      Attention:     Mr. Tony Dolim
      Telecopy No.: (253) 928-2474

ny-948315

South Edge, LLC
November 23, 2010
Page Nine

      Sandler and Rosen, LLP
      1801 Avenue of the Stars, Suite 510
      Los Angeles, CA 90067
      Attention:     Steven E. Levy
      Telecopy No.:  (310) 277-5954

      Weyerhaeuser Real Estate Co.
      33663 Weyerhaeuser Way South
      Federal Way, WA 98003
      Attention:     Treasurer
      Telecopy No.:  (253) 924-3870

      Focus South Group LLC
      3455 Cliff Shadows Parkway, Suite 220
      Las Vegas, NV 89129
      Attention:     John A. Ritter
      Telecopy No.:  (702) 216-2067

      Focus Property Group
      3455 Cliff Shadows Parkway, Suite 220
      Las Vegas, NV 89129
      Attention:     John A. Ritter
      Telecopy No.:  (702) 216-2067

      Coleman-Toll Limited Partnership
      1140 Town Center Drive, Suite 350
      Las Vegas, NV 89144
      Attention:     Gary Mayo
                           Vice President
      Telecopy No.:  (702) 243-9610

      Toll Brothers, Inc.
      3103 Philmont Avenue
      Huntingdon Valley, PA 19006
      Attention:     Joel H. Rassman
                           Chief Financial Officer
                           Executive Vice President and Treasurer
      Telecopy No.:  (215) 938-8010

ny-948315

South Edge, LLC
November 23, 2010
Page Ten

       Toll Brothers, Inc.
       3103 Philmont Avenue
       Huntingdon Valley, PA 19006
       Attention:    Frederick Cooper
                       Sr. Vice President, Finance
       Telecopy No.:  (215) 938-8010

       Toll Brothers, Inc.
       3103 Philmont Avenue
       Huntingdon Valley, PA 19006
       Attention:    Kenneth J. Gary, Sr. Vice President
                       and General Counsel
       Telecopy No.:  (215) 938-8255

       Alameda Investments, LLC
       39 East Eagleridge Drive, Suite 102
       North Salt Lake, UT 84054
       Attention:    Leonard K. Arave
       Telecopy No.:  (801) 299-0550

       Alameda Investments, LLC
       39 East Eagleridge Drive, Suite 102
       North Salt Lake, UT 84054
       Attention:    Wayne Farnsworth
       Telecopy No.:  (801) 813-8003

ny-948315