**LEWIS AND ROCA LLP**
Robert M. Charles, Jr., NV 006593
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996
Telephone:      702.949.8320
Facsimile:       702.949.8321
E-mail:            rcharles@LRLaw.com

**MORRISON & FOERSTER LLP**
G. Larry Engel (*pro hac vice* pending)
425 Market Street
San Francisco, California  94105-2482
Telephone:      415.268.7000
Facsimile:       415.268.7522
E-mail:            lengel@mofo.com

*Attorneys for JPMorgan Chase Bank, N.A.*

**MORRISON & FOERSTER LLP**
James E. Hough (*pro hac vice* pending)
Norman S. Rosenbaum (*pro hac vice* pending)
Jordan A. Wishnew (*pro hac vicce* pending)
1290 Avenue of the Americas
New York, New York 10104
Telephone:      212.468.8000
Facsimile:       212.468.7900
E-mail:            jhough@mofo.com
E-mail:            nrosenbaum@mofo.com
E-mail:            jwishnew@mofo.com

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re: | Case No. 10-32968 |
|---|---|
| SOUTH EDGE, LLC, | Chapter 11 |
| Involuntary Debtor. | **MOTION FOR SECTION 105 STATUS CONFERENCE** |

JPMorgan Chase Bank, N.A., as a petitioning creditor ("JPMorgan" or "Movant"), moves this Court in accordance with Section 105(d)(1) of Title 11 of the United States Code (the "Bankruptcy Code") to hold a status conference for the express purpose of scheduling a timely hearing date on the involuntary petition and the related motions filed in this case to the extent each pleading is properly contested by South Edge, LLC (the "Debtor") and, if necessary, establishing an appropriate pleading schedule ahead of such hearing.  In further support of this motion, JPMorgan states as follows:

2292607.1

1. Section 105(d)(1) of the Bankruptcy Code provides that on the request of a party in interest, the court "shall hold such status conferences as are necessary to further the expeditious and economical resolution of the case." Section 105(d)(2) of the Bankruptcy Code further provides that, to the extent it is not inconsistent with another provision of the Bankruptcy Code or with the applicable Federal Rules of Bankruptcy Procedure, the court may "issue an order at any such conference prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically."

2. Contemporaneously with its filing of the involuntary petition, JPMorgan also filed a (i) Motion to Appoint an Interim and Permanent Chapter 11 Trustee for South Edge, LLC During (A) the "Gap" Period and (B) On A Permanent Basis (together with three supporting declarations, the "Trustee Motion"), and (ii) Motion to Seal, which seeks to protect certain details of specific documents annexed to the supporting declarations to the Trustee Motion and described in the Trustee Motion.

3. South Edge is much more than a single-asset real estate limited liability company. It is a complex real estate joint venture originally comprised of eight of this nation's largest homebuilders, which owns nearly 2,000 acres in Henderson, Nevada. South Edge is supposed to be developing a master-planned community called Inspirada, which when originally conceived was to include roughly 8,500 residences as well as shopping areas, parks, trails, cultural centers, and other amenities, spread over nearly 2,000 acres of land in seven "Villages." In addition to the Villages, a centrally-located, 300-acre "Town Center" was to be an urban destination for retail, residential, commercial, gaming, office, civic and municipal uses, and was to include an additional approximately, 3,000 residences. The Villages and Town Center were supposed to include two middle schools, three elementary schools, a fire station, a police station, three community parks, six neighborhood parks and miles of trail systems.

2292607.1

4. However, South Edge is suffering at the hands of its current managers, and development of this "new urbanism" project was affirmatively "suspended" by the Debtor's insiders over two and a half years ago when the majority of South Edge's members voted to cease any further funding of the project and refused to adhere to their contractual obligations, such as acquiring land from South Edge on a pre-determined schedule.

5. Since the shutdown of the project, South Edge's managers have squandered opportunities to fund and complete revenue-generating projects. Moreover, they resist pursuing any serious efforts to preserve South Edge's value through the constructive use of LID funds.

6. As set forth in great detail in the Trustee Motion, the Movant seeks the appointment of both an interim and permanent Chapter 11 trustee, because it believes that the sooner an independent and objective fiduciary can be put in place of South Edge's current self-dealing management group, the better are South Edge's chances of protecting and preserving the value of its asset, re-negotiating and shaping a more feasible development plan with the City of Henderson, and salvaging the possibility that a viable and sustainable community in Henderson, Nevada can one day be developed.

7. Accordingly, in light of the significant overlapping factual issues relating to the matters that have been brought before the Court, the Movant respectfully requests that the Court schedule a status conference at its earliest convenience and consider setting a hearing date(s) on the involuntary petition, the Trustee Motion and the Motion to Seal.

8. Moreover, because the Arbitration Award (discussed in greater detail in both the Trustee Motion and the accompanying declaration of James E. Hough, Esq.) limits the circumstances under which a Member can properly act for the Debtor, the Court should set guidelines at the outset of the case, which are consistent with the Arbitration Award, that clearly define who may speak for the Debtor and under what circumstances. However, as stated in the Motion to Seal, the Arbitration Award is subject to a confidentiality agreement, and the substance

LEWIS AND ROCA LLP LAWYERS

1  of the Arbitration Award can not be publicly disclosed in accordance with the terms of the

2  agreement.  Therefore, the Movant suggests that the Court conduct the status conference *in*

3  *camera* so that the parties can freely discuss the implications of the Arbitration Award with the

4  Court.

5       9.    For these reasons, the Movant asserts that the Court will benefit from a timely

6  status conference, because the Debtor can advise the Court whether it intends to argue its right to

7  contest the petition or the request for interim and permanent Chapter 11 trustees.  Moreover, a

8  determination of whether a trial on a contested petition will be necessary will further the

9  expeditious and economical resolution of the case.

10       10.    For the foregoing reasons, JPMorgan respectfully requests that the Court schedule

11  a status conference at its earliest convenience pursuant to Section 105(d) of the Bankruptcy Code.

12  Dated:  December 9, 2010.

**LEWIS AND ROCA LLP**

By /s/ Robert M. Charles, Jr.  (#006593)
Robert M. Charles, Jr., NV 6593
RCharles@LRLaw.com
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169-5996
Facsimile: (702) 949-8321
Telephone: (702) 949-8320
        and
**MORRISON & FOERSTER LLP**
G. Larry Engel CA Bar No. 53484 (Pro hac vice)
Email: lengel@mofo.com
425 Market Street
San Francisco, CA  94105-2482
Tel.:  (415) 268-7000
Fax:  (415) 442-1010
        and

4

2292607.1

**MORRISON & FOERSTER LLP**
James E. Hough (pro hac vice pending)
Norman S. Rosenbaum (pro hac vice pending)
Jordan A. Wishnew (pro hac vice pending)
1290 Avenue of the Americas
New York, New York 10104

*Attorneys for JPMorgan Chase Bank, N.A.*

2292607.1