| | |
|---|---|
| Paul S. Aronzon (CA State Bar No. 88781)<br>Robert J. Moore (CA State Bar No. 77495)<br>MILBANK, TWEED, HADLEY & McCLOY LLP<br>601 South Figueroa Street, 30th Floor<br>Los Angeles, California 90017<br>Telephone: (213) 892-4000<br>Facsimile: (213) 629-5063<br><br>*Proposed Counsel for*<br>*Chapter 11 Trustee* | Lenard E. Schwartzer (NV Bar No. 0399)<br>Jeanette E. McPherson (NV Bar No. 5423)<br>SCHWARTZER & MCPHERSON LAW FIRM<br>2850 South Jones Boulevard, Suite 1<br>Las Vegas, Nevada 89146-5308<br>Telephone: (702) 228-7590<br>Facsimile: (702) 892-0122<br>E-Mail: bkfilings@s-mlaw.com<br><br>*Proposed Local Counsel for*<br>*Chapter 11 Trustee* |

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>SOUTH EDGE, LLC,<br><br>Debtor. | Case No. BK-S-10-32968-BAM<br><br>Chapter 11<br><br>**ERRATA TO DECLARATION OF TINAMARIE FEIL IN SUPPORT OF THE APPLICATION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2002 AND 28 U.S.C. § 156(c) APPOINTING BMC GROUP, INC. AS CLAIMS AND NOTICING AGENT, NUNC PRO TUNC**<br><br>Date:  May 23, 2011<br>Time:  1:30 p.m. |

Cynthia Nelson, Chapter 11 Trustee (the "Trustee") for the bankruptcy estate of South Edge, LLC (the "Debtor"), by and through her undersigned counsel, hereby file this Errata to the Declaration Of Tinamarie Feil In Support of the Application for an Order Pursuant to Bankruptcy Rule 2002 and 28 U.S.C. § 156(c) Appointing BMC Group, Inc. as Claims and Noticing Agent, Nunc Pro Tunc (the "Declaration").

/ / /

/ / /

/ / /

Due to a clerical error, the Fee Schedule referenced in the Agreement For Services attached as Exhibit "1" to the Declaration was inadvertently omitted. Attached hereto is the correct Exhibit "1" to the Declaration containing the Agreement For Services and referenced Fee Schedule.

Dated: April 26, 2011

*signature*
Paul S. Aronzon (CA State Bar No. 88781)
Robert J. Moore (CA State Bar No. 77495)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone: (213) 892-4000
Facsimile: (213) 629-5063

*Proposed Counsel for*
*Chapter 11 Trustee*

Lenard E. Schwartzer (NV Bar No. 0399)
Jeanette E. McPherson (NV Bar No. 5423)
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122

*Proposed Local Counsel for*
*Chapter 11 Trustee*

# EXHIBIT "1"

## AGREEMENT FOR SERVICES

This Agreement dated as of April 13, 2011, is entered between Cynthia Nelson, As Chapter 11 Trustee for South Edge, LLC ("Customer") and BMC Group, Inc. ("BMC"). The services rendered by BMC pursuant to this Agreement will commence on the date first set forth above and will continue until the Agreement is terminated as set forth below.

### TERMS AND CONDITIONS

**I.  SERVICES**

In accordance with the terms and conditions contained in this Agreement and in the Fee Schedule annexed hereto, BMC agrees to provide services as follows: (a) assisting the Customer, Counsel and Office of the Clerk with noticing and claims docketing and (b) assisting Customer with the compilation, administration, evaluation and production of documents and information necessary to support a restructuring effort. At Customer's, Counsel's or the Clerk's Office's direction, as the case may be, and in accordance with any court orders or rules in the bankruptcy case(s) (including any court order authorizing BMC's engagement), BMC will (1) prepare and serve those notices required in the bankruptcy cases; (2) receive, record and maintain copies of all proofs of claim and proofs of interest filed in the bankruptcy cases; (3) create and maintain the official claims register(s); (4) receive and record all transfers of claims pursuant to Bankruptcy Rule 3001(e); (5) maintain an up-to-date mailing list for all entities who have filed proofs of claim and/or requests for notices in the bankruptcy cases; (6) assist Customer and Counsel with the administrative management, reconciliation and resolution of claims; (7) print, mail and tabulate ballots for purposes of plan voting; (8) assist with the preparation and maintenance of Customer's Schedules of Assets and Liabilities, Statements of Financial Affairs and other master lists and databases of creditors, assets and liabilities, (9) assist with the production of reports, exhibits and schedules of information or use by the Customer, Counsel or to be delivered the Court, the Clerk's Office, the U.S. Trustee or third parties; and (10) provide other technical and document management services of a similar nature requested by Customer or the Clerk's office; (11) facilitate or perform distributions, and (12) assist Customer with all analyses and/or collections of avoidance actions pursuant to Chapter 5 of the United States Bankruptcy Code.

**TECHNOLOGY SUPPORT**

BMC agrees to provide computer software support and to educate and train Customer in the use of the support software, provide BMC's standard reports as well as consulting and programming support for Customer requested reports, program modifications, database modification, and/or other features.

**PRICES, CHARGES AND PAYMENT**

A.  BMC agrees to charge, and Customer agrees to pay, BMC's standard prices for its services, expenses and supplies at the rates or prices in effect on the day such services and/or supplies are provided to the Customer, in accordance with the Fee Schedule annexed hereto.

B.  BMC will be compensated at its stated rates for services rendered and reimbursed for necessarily incurred expenses.

C. Wire transfer information for the transmission of payments is as follows:

    Bank Name - Wells Fargo Bank
    Address - 933 3rd Avenue, Seattle, WA 98104
    ABA/Routing # - 121000248
    Account Name - BMC Group, Inc.
    Account # - 0033022633

D. BMC raises its rates from time to time and generally does so each January.

E. Customer agrees to pay BMC for any necessarily incurred out-of-pocket reasonable expenses for transportation, lodging, meals and related items.

F. In connection with noticing services, upon BMC's request, Customer agrees to prepay BMC estimated postage amounts with respect to each notice or shall authorize BMC to cause the courier's charges (such as UPS or FedEx) to be stated to Customer's own account with such courier.

G. BMC agrees to invoice Customer for fees and expenses and Customer agrees that the amount invoiced is due and payable upon its receipt of the invoice. If any amount is unpaid as of thirty (30) days from the receipt of the invoice, Customer further agrees to pay a late charge, calculated as one and one-half percent (1-1/2%) interest on the amount unpaid, accruing from the invoice date. In the case of a dispute in the invoice amount, notice shall be given to BMC within twenty (20) days of receipt of the invoice by Customer. Interest shall not accrue on any amounts in dispute. The balance of the invoice amount is due and payable in the normal course.

H. BMC will look only to the Customer for payment of invoices and in no event shall Counsel be liable for any of BMC's invoices in connections with this Services Agreement.

**WARRANTY**

The BMC warranty under the Agreement shall be limited to the re-running, at its expense, of any inaccurate reports, provided that such inaccuracies were caused solely as a result of BMC performance hereunder and provided further that BMC shall receive written notice of such inaccuracies within thirty (30) days of delivery of such report. If said notice is not made to BMC within the prescribed time limit Customer is liable for all charges. Customer agrees that the foregoing constitutes the exclusive remedy available with respect to inaccurate reports.

**RIGHTS OF OWNERSHIP**

A. The parties understand that the software programs and other similar proprietary materials furnished by BMC pursuant to this Agreement and/or developed during the course of this Agreement by BMC are the sole property of BMC. The term "program" shall include, without limitation, data processing programs, specifications, applications, routines, sub-routines, procedural manuals, and documentation. Customer agrees not to copy or permit others to copy for unauthorized use the source code from the support software or any other programs or similar proprietary materials furnished pursuant to this Agreement.

B. Customer further agrees that any ideas, concepts, know-how or techniques relating to data processing or BMC's performance of its services developed during the course of its Agreement by BMC shall be exclusive property of BMC.

C. Upon Customer's request at any time or times while this Agreement is in effect, BMC shall immediately deliver to Customer at Customer's sole expense, any or all of the non-

proprietary data, information and records held or controlled by BMC pursuant to this Agreement, in the form requested by Customer. Any information, data and records, in whatever form existing, whether provided to BMC by Customer or developed by BMC for Customer under this Agreement, may be retained by BMC until all amounts due under this Agreement are paid in full, it being understood that neither party asserts rights of ownership in the official claims register or materials filed with BMC as an agent of the court.

D. Customer shall remain liable for all charges imposed under this Agreement as a result of data or physical media maintained by BMC. BMC shall dispose of the data and media in the manner requested by Customer. Customer agrees to pay BMC for reasonable expenses incurred as a result of the disposition of the data or media. After giving Customer thirty (30) days advance notice, BMC reserves the right to dispose of data or media maintained by BMC for Customer if Customer has not utilized the services provided herein for a period of at least ninety (90) days or if Customer has not paid all charges due to BMC.

**NON-SOLICITATION**

Customer agrees that it shall not, directly or indirectly, solicit for employment, employ or otherwise retain staff of BMC during the term of this Agreement, nor for a period of twelve (12) months after termination of this Agreement unless mutually agreed upon by both parties.

**CONFIDENTIALITY**

A. BMC agrees to, and shall cause its servants, agents, employees, licensees, and subcontractors to, safeguard and keep confidential all data, records, information and communications of any sort or form, regardless of whether written, oral, visual or otherwise recorded or transmitted, with respect to Customer, but excluding such data, records, information and communications that exist in the public domain by reason other than a breach of BMC's obligations under this Section VII "Confidentiality" (the "Confidential Information"). BMC will use the Confidential Information only for the benefit of Customer in connection with the provision of services under this Agreement. Customer agrees to, and will cause its servants, agents, employees, licensees, and subcontractors to, keep all information with respect to BMC's system, procedures and software confidential; provided, however, that if either party is required to produce any such information by order of any governmental agency or other regulatory body, it may, upon not less than five business days' written notice to the other party, release the required information. The obligations set forth in this paragraph shall survive termination of this Agreement.

**TERMINATION**

A. This Agreement shall remain in force until terminated by Customer, or, by BMC upon thirty (30) days' prior written notice to the other party.

B. In the event that this contract is terminated, regardless of the reason for such termination, BMC shall cooperate with Customer to orderly transfer to Customer or its designee (or destroy, at Customer's direction) data, records and information in its possession or control and to effect an orderly transition of record-keeping functions. BMC shall provide all necessary staff, services and assistance required for an orderly transfer and transition. Customer agrees to pay for such services in accordance with BMC's then existing prices for such services.

**SYSTEM IMPROVEMENTS**

BMC's policy is to provide continuous improvements in the quality of service to the Customer. BMC, therefore, reserves the right to make changes in operations procedures, operating systems, programming languages, general purpose library programs, application programs, time period of accessibility, types of terminal and other equipment and the BMC data center serving the Customer.

**LIMITATIONS OF LIABILITY AND INDEMNIFICATION**

Except with respect to breaches under Section VII "Confidentiality" above, Customer shall indemnify and hold BMC, its officers, employees and agents harmless against any losses, claims, damages, judgments, liabilities and expense (including reasonable counsel fees and expenses) resulting from action taken or permitted by BMC in good faith with due care and without negligence in reliance upon instructions or orders received from Customer as to anything arising in connection with its performance under this Agreement. Except with respect to breaches under Section VII "Confidentiality" above, BMC shall be without liability to Customer with respect to any performance or non-performance, in accordance with the terms of this Agreement or instructions properly received pursuant hereto, if done in good faith and without negligence or willful or wanton misconduct. Except with respect to breaches under Section VII "Confidentiality" above, in no event shall liability to Customer for any losses or damages, whether direct or indirect, arising out of this Agreement exceed the total amount billed or billable to Customer for the portion of the particular work which gave rise to the loss or damage. Except with respect to breaches under Section VII "Confidentiality", in no event shall BMC be liable for any indirect, special or consequential damages such as loss of anticipated profits or other economic loss in connection with or arising out of the services provided for in this Agreement.

**NOTICES**

All notices in connection with this Agreement shall be given or made upon the respective parties in writing by facsimile or overnight courier and shall be deemed as given, if by facsimile, on the business day immediately following confirmed transmission, or if by courier, on the day it is delivered by such courier to the appropriate address set forth below:

| BMC Group, Inc.<br>Attn: Tinamarie Feil<br>600 1st Avenue<br>Suite 300<br>Seattle, WA 98104<br><br>Telephone  206.516.3300<br>Fax 206.516.3304 | Cynthia Nelson, As Chapter 11 Trustee for<br>South Edge, LLC<br>c/o FTI Consulting, Inc.<br>633 West Fifth Street<br>Suite 1600<br>Los Angeles, CA 90071<br><br>Telephone: 213.452.6026 |

Or to such other address as the party to receive the notice or request so designates by written notice to the other.

**APPLICABLE LAW**

This agreement shall be construed in accordance with the laws of the State of Washington and may be modified only by a written instrument duly executed by an authorized representative of Customer and an officer of BMC.

**ENTIRE AGREEMENT/ MODIFICATIONS**

Each party acknowledges that it has read this Agreement, understands it, and agrees to be bound by its terms and further agrees that it is the complete and exclusive statement of the agreement between the parties, which supersedes and merges all prior proposals, understandings and other agreements, oral and written between the parties relating to the subject matter of this Agreement. The Agreement may not be modified or altered by written instrument duly executed by both parties. Customer represents that it has the authority to enter into this Agreement, may be subject to bankruptcy court approval, and the Agreement is non-dischargeable under any applicable statute or law. If any provision of this Agreement shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall in no way be affected or impaired thereby. In the event of any conflict between a term of this Agreement and any order of the court exercising jurisdiction over the Customer bankruptcy cases, the term of the order shall govern.

XIV. **ASSIGNMENT**

This Agreement and the rights and duties hereunder shall not be assignable by the parties hereto except upon written consent of the other, with the exception that this Agreement can be assigned by BMC to a wholly owned subsidiary of BMC.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement.

| BMC Group, Inc. | Cynthia Nelson, As Chapter 11 Trustee for South Edge, LLC |
|---|---|
| By:_____ <br> Name: Tinamarie Feil <br> Title: President, Client Services <br> <br> Date: April 13, 2011 | By: _Cynthia Nelson_ (signed) <br> Name: Cynthia Nelson <br> Title: As Chapter 11 Trustee for South Edge, LLC <br> Date: April 13, 2011 |

XII. **APPLICABLE LAW**

This agreement shall be construed in accordance with the laws of the State of Washington and may be modified only by a written instrument duly executed by an authorized representative of Customer and an officer of BMC.

XIII. **ENTIRE AGREEMENT/ MODIFICATIONS**

Each party acknowledges that it has read this Agreement, understands it, and agrees to be bound by its terms and further agrees that it is the complete and exclusive statement of the agreement between the parties, which supersedes and merges all prior proposals, understandings and other agreements, oral and written between the parties relating to the subject matter of this Agreement. The Agreement may not be modified or altered by written instrument duly executed by both parties. Customer represents that it has the authority to enter into this Agreement, may be subject to bankruptcy court approval, and the Agreement is non-dischargeable under any applicable statute or law. If any provision of this Agreement shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall in no way be affected or impaired thereby. In the event of any conflict between a term of this Agreement and any order of the court exercising jurisdiction over the Customer bankruptcy cases, the term of the order shall govern.

XIV. **ASSIGNMENT**

This Agreement and the rights and duties hereunder shall not be assignable by the parties hereto except upon written consent of the other, with the exception that this Agreement can be assigned by BMC to a wholly owned subsidiary of BMC.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement.

| BMC Group, Inc. *(signed: Tinamarie Feil)* | Cynthia Nelson, As Chapter 11 Trustee for South Edge, LLC |
|---|---|
| By:_____ | By: _____ |
| Name: Tinamarie Feil | Name: Cynthia Nelson |
| Title: President, Client Services | Title: As Chapter 11 Trustee for South Edge, LLC |
| Date: March 28, 2011 | Date: March ___, 2011 |



information management

## 2011 Standard Pricing: Restructuring Support Services

**Claims Management and b-Linx Claims Management Platform**

| | |
|---|---|
| Claim Receipt, Process & Docketing | $2.50 per claim (no per hour charges) |
| Claim Imaging and b-Linx Association | $0.12 per image |
| b-Linx Access and Maintenance | $0.07 per record/mo ($250 min/$850 max, no per user fee) |
| Schedules/Statements Preparation | at applicable Case Management rates |
| Claim Analysis, Reconciliation, Objection Support | at applicable Case Management rates |
| Claims Order Review and Updates | at applicable Case Management rates |

**Print Mail and Noticing Services**

| | |
|---|---|
| Create/Maintain Noticing Database & Service Lists | at applicable Case Management rates |
| Production Setup | $0 - $25 per file |
| Copy/Print | $0.03 - $0.10 per image based on volume |
| Envelope and Address Printing/Labeling | $0.08 standard / catalogue or custom varies |
| Finishing (Fold or Collate, Insertion, Seal, Mail) | $0.05 per document |
| Postage | at cost (includes optimization recommendations) |
| *Certified* Electronic Noticing Service | $20 per 500 ($0.04 per notice, no per page charge) |
| *Certified* Fax Noticing Service | $0.15 per image |
| Processing of Undeliverables | $0.25 each + cost of re-mails as applicable |
| Legal Notice Experts/Publication | Quote |

**Document and Information Management**

| | |
|---|---|
| Document Imaging and b-Linx Association | $0.12 per image |
| Live Operator Call Center | $45 per hour |
| Custom Website Hosting | Set up, plus $250 per month |
| Secure Virtual Data Room | Set up + $0.15/page per month |
| Physical Document Storage | $1.45 per box/month |
| Document Analysis | at applicable Case Management rates |

**Subscription/Solicitation/Exchange**

| | |
|---|---|
| Materials Print and Notification | at applicable Print Mail and Noticing rates |
| Ballot Receipt, Processing, Tabulation | at applicable Case Management rates |
| Interface Public Securities Holders | at applicable Case Management rates |

**Distribution**

| | |
|---|---|
| Distribution Consulting | at applicable Case Management rates |
| Check Issuance or Tax Reporting (1099, W-2) | $1.75 each |
| Issuance Stock, Notes, Warrants | $1.95 each |
| Registrar of New Issue(s) | Quote |

**Case Management**

| | |
|---|---|
| Data Entry/Administrative Support | $25/ $45 - $65 per hour |
| Analysts | $80 - $110 per hour |
| Consultants | $110 - $145 per hour |
| Project Managers | $175 - $250 per hour |
| Director/Principal | $250 - $275 per hour    (Average Hourly Rate < $125) |