**Entered on Docket
June 17, 2011**

_____
**Hon. Bruce A. Markell
United States Bankruptcy Judge**
_____

Robert J. Moore (CA State Bar No. 77495)
David B. Zolkin (CA State Bar No. 155410)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone:    (213) 892-4000
Facsimile:    (213) 629-5063

*Counsel for Chapter 11 Trustee*

Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone:    (702) 228-7590
Facsimile:    (702) 892-0122
E-Mail:    bkfilings@s-mlaw.com

*Local Counsel for Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Chapter 11 |
| SOUTH EDGE, LLC, | Case No. BK-10-32968 |
| Debtor. | **ORDER APPROVING STIPULATION FOR MODIFICATION OF AUTOMATIC STAY NUNC PRO TUNC TO JUNE 1, 2011** |
| | Hearing Date:    May 31, 2011
Hearing Time:    11:00 a.m. |

Upon having reviewed and considered the *Motion for Order Approving Stipulation For Modification of Automatic Stay Nunc Pro Tunc To June 1, 2011* (the "Motion") and the *Stipulation For Modification of Automatic Stay* (the "Stipulation"), a copy of which is attached hereto as Exhibit 1; and the Court having jurisdiction to approve the Stipulation and the relief contained therein pursuant to 28 U.S.C. §§ 157 and 1334, and the relief set forth therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409;  and appearances of counsel having been noted on the record; and the Court having made its findings of fact and conclusions of law on the record; and

#4852-0624-8969

the Court having determined that just cause exists for the relief granted herein, and that the relief set forth in the Stipulation is in the best interests of the Estate and its creditors; and after due deliberation and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED THAT** the Stipulation is approved, nunc pro tunc to June 1, 2011.

SUBMITTED BY:

SCHWARTZER & McPHERSON LAW FIRM
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308

&

By: /s/ Robert J. Moore
MILBANK, TWEED, HADLEY & McCLOY LLP
Robert J. Moore (CA State Bar No. 77495)
David B. Zolkin (CA State Bar No. 155410)
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017

*Counsel for Chapter 11 Trustee*

Approved/ Disapproved by:

No Response Received
Scott Bogatz, Esq.
BOGATZ & ASSOCIATES, P.C.
3455 Cliff Shadows Pkwy, Suite 110
Las Vegas, NV 89129

*Counsel for Focus South Group, LLC*

[Approved]/ Disapproved by:

/s/ Teresa M. Pilatowicz
Teresa M. Pilatowicz, Esq.
GORDON SILVER
3960 Howard Hughes Pkwy, 9th Flr
Las Vegas, NV 89169

&

Robert A. Greenfield
STUTMAN TREISTER & GLATT
1901 Avenue Of The Stars, 12th Floor
Los Angeles, CA 90067

*Counsel for the Builder Members*

1   ☒ Approved / Disapproved by:

2

3   Dawn M. Cica, Esq.
    LEWIS & ROCA
4   3993 Howard Hughes Parkway, Ste 660
    Las Vegas, NV 89169
5

6   &

7   G. Larry Engel, Esq.
    MORRISON & FOERESTER LLP
8   425 Market Street
    San Francisco, CA 94105
9

10  &

11    /s/   Jordan A. Wishnew
    Norman S. Rosenbaum, Esq.
12  Jordan A. Wishnew, Esq.
    MORRISON & FOERESTER LLP
13  1290 Avenue of the Americas
    New York, NY 10104-0050
14

15  *Counsel for JPMorgan Chase Bank, N.A.*

16  In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

17  _____   The court has waived the requirement set forth in LR 9021 (b)(1).

18  _____   No party appeared at the hearing or filed an objection to the motion.

19    X     I have delivered a copy of this proposed order to all counsel who appeared at the hearing,
20         and any unrepresented parties who appeared at the hearing, and each has approved or
           disapproved the order, or failed to respond, as indicated above.

21  _____   I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order
22         with the motion pursuant to LR 9014(g), and that no party has objected to the form or
           content of the order.

23

24    /s/   Robert J. Moore
    Robert J. Moore
25

26                                    # # #

27

28

#4852-0624-8969                        -3-

# Exhibit 1

## Stipulation

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>SOUTH EDGE, LLC,<br><br>           Debtor. | Case No.: 10-32968 (BAM)<br><br>Chapter 11<br><br>**STIPULATION FOR MODIFICATION OF AUTOMATIC STAY**<br><br>**Hearing Date:** May 31, 2011<br>**Hearing Time:** 11:00 a.m.<br>**Courtroom:** Courtroom #3<br>Foley Federal Building<br>300 Las Vegas Blvd<br>Las Vegas, Nevada 89101 |

      JPMorgan Chase Bank, N.A., in its capacity as Administrative Agent under the Credit Agreement (as defined herein)(the "**Agent**"), and Cynthia Nelson, in her capacity as Chapter 11 Trustee (the "**Trustee**") for South Edge LLC ("**South Edge**" or the "**Debtor**"), by and through their undersigned counsel, stipulate as follows:

      WHEREAS, on December 9, 2010, JPMorgan Chase Bank, N.A. ("**JPMorgan**"), Credit Agricole Corporate and Investment Bank, and Wells Fargo Bank, N.A. (also Lenders to South Edge), each in their capacities as Lenders (as defined herein), filed an involuntary Chapter 11 petition (the "**Involuntary Petition**") against South Edge under section 303 of title 11 of the United States Code (the "**Bankruptcy Code**") in the U.S. Bankruptcy Court, District of Nevada (the "**Court**") [D.E. 1], initiating the above-captioned chapter 11 case (the "**Case**"), and JPMorgan, in its capacity as Lender and the Agent, filed the *Motion To Appoint An Interim And Permanent Chapter 11 Trustee For South Edge, LLC During (i) the "Gap" Period and (ii) On A Permanent Basis* [D.E. 7] (the "**Trustee Motion**");

#4826-8114-6377

WHEREAS, South Edge filed its (i) Answer to the Involuntary Petition [D.E. 185] on January 4, 2011, (ii) *Motion for Dismissal for Cause of, or, in the Alternative, Abstention from, this Involuntary Case* [D.E. 188] on January 6, 2011 (the "**Dismissal/Abstention Motion**"), and (iii) *Opposition of South Edge, LLC to JPMorgan's Motion to Appoint an Interim and Permanent Chapter 11 Trustee* on January 7, 2011 [D.E. 206];

WHEREAS, following a trial on the Involuntary Petition, the Trustee Motion and the Dismissal/Abstention Motion, on February 3, 2011, the Court granted the Involuntary Petition [D.E. 400] (the "**Order for Relief**"), approved the Trustee Motion and denied the Dismissal/Abstention Motion;

WHEREAS, the Court ordered the appointment of a Chapter 11 trustee on February 3, 2011 [D.E. 401] (the "**Trustee Order**");

WHEREAS, on February 20, 2011, the Office of the U.S. Trustee appointed Cynthia Nelson as Trustee for the Debtor's estate (the "**Estate**") [D.E. 441];

WHEREAS, on February 23, 2011, the Court entered an order approving the appointment of Cynthia Nelson as Trustee [D.E. 449];

WHEREAS, following the formation of South Edge, JPMorgan, along with a consortium of lenders (together with JPMorgan, the "**Lenders**" and each a "**Lender**"), agreed to finance a significant part of the costs of the development of South Edge's Inspirada project (the "**Project**");

WHEREAS, South Edge as borrower, the Lenders party thereto, JPMorgan, as the Administrative Agent, and Wachovia Bank, N.A., as Syndication Agent, are parties to the Credit Agreement, dated November 1, 2004, as amended and restated by the Amended and Restated Credit Agreement, dated March 9, 2007 among South Edge as borrower, the Lenders party

thereto, JPMorgan as the Administrative Agent and The Royal Bank of Scotland PLC as Syndication Agent (the "**Credit Agreement**");[1]

WHEREAS, pursuant to the Credit Agreement under which JPMorgan acts as the agent for the Lenders thereunder, the Lenders extended a construction and certain term loans to South Edge together with a letter of credit facility[2];

WHEREAS, pursuant to the Credit Agreement, South Edge and the Agent (among other parties) entered into the Loan Documents, including the Collateral Documents, pursuant to which South Edge granted the Agent mortgages and security interests in substantially all of its real and personal property (collectively, the "**Collateral Documents**")[3];

WHEREAS, the Agent asserts that as security for the loan facilities under the Credit Agreement, and the Trustee acknowledges (subject to its rights of investigation under the Financing and Cash Collateral Stipulation) that the Agent (for the benefit of the Lenders) holds valid, perfected, enforceable, first priority liens, mortgages, deeds of trust and security interests on the real and personal property of South Edge, including, without limitation, major infrastructure deposits ("**MI Deposits**") made by each of South Edge's equity members ("**Members**") pursuant to, among other documents, the Amended and Restated Operating Agreement of South Edge, LLC, effective as of May 3, 2004, as amended (the "**Operating Agreement**");

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them under the Credit Agreement.
[2] The Credit Agreement has four "facilities." Facility A is a construction loan that is drawn down by South Edge as needed, Facilities B and C are term loans that were fully funded at the closing of the Credit Agreement, and Facility D provides for letters of credit available to South Edge. Just prior to the closing of the amended Credit Agreement in March of 2007, South Edge paid off Facility B.
[3] The Collateral Documents include (i) the Deed of Trust, Security Agreement, Fixture Filing and Assignment of Rents and Leases dated as of October 29, 2004, (ii) the Assignment of Contracts, Permits and Plans and Specifications dated as of November 1, 2004, and (iii) the Assignment of and Agreement with Respect to Acquisition Agreements dated November 1, 2004.

WHEREAS, in excess of $26 million of the MI Deposit (the **"Focus MI Deposit"**) contributed by Member Focus South Group, LLC (**"Focus"**) is presently held in a JPMorgan account in the name of Focus (the **"Account"**);

WHEREAS, each of the Trustee, on behalf of the Estate, and Focus claim an ownership interest in the Focus MI Deposit;

WHEREAS, on May 20, 2011, the Trustee commenced an adversary proceeding (Adv. Proc. No. 11-01141-BAM) against, among others, Focus, pursuant to which the Trustee seeks, *inter alia*, the turn over of the Focus MI Deposit to the Trustee on behalf of the Estate;

WHEREAS, the Agent asserts that the security interests granted to the Agent, for the benefit of the Lenders under the Collateral Documents, grant the Agent (for the benefit of the Lenders) a first priority security interest in the cash collateral;

WHEREAS, the Trustee, the Agent, and Focus each are parties to that certain *Stipulation Providing For Post-Petition Financing and Use of Cash Collateral* dated March 31, 2011 (as amended, the **"Financing and Cash Collateral Stipulation"**),[4] pursuant to which, *inter alia*, (i) each of the Trustee and Focus acknowledged and confirmed that, whether the Focus MI Deposit is owned by the Trustee, on behalf of the Estate, or by Focus, the Focus MI Deposit is encumbered by a security interest in favor of the Agent on behalf of the Lenders granted to the Agent under the Loan Documents and is the Agent's collateral (provided, however, it was acknowledged in said Financing and Cash Collateral Stipulation that Focus asserted certain disputes as to the permitted uses of the cash collateral under the Credit Agreement and the

---

[4] The Financing and Cash Collateral Stipulation was approved by the Court (A) on an interim basis, pursuant to the *Interim Order (1) Approving Stipulation Providing for Post-Petition Advance and the Use of Cash Collateral; (2) Granting Adequate Protection on an Interim and Final Basis; and (3) Scheduling a Final Hearing Thereon*, entered onto the docket of the Court on April 8, 2011 [D.E. 568] and (B) on a final basis, pursuant to the *Final Order (1) Approving Stipulation Providing For Post-Petition Advance And The Use Of Cash Collateral, And (2) Granting Adequate Protection On A Final Basis*, entered onto the docket of the Court on April 21, 2011 [D.E. 624].

Operating Agreement); and (ii) Focus and the Agent agreed to the Trustee's use of up to $510,000 of the Focus MI Deposit to satisfy past due Local Improvement District (T-18) ("**LID T-18**") bond assessments due and owing to the City of Henderson (the "**City**") in accordance with and subject to the terms of the Financing and Cash Collateral Stipulation;

WHEREAS, additional LID T-18 bond assessments, in the aggregate amount of $2,940,027.75 (the "**June 1 Assessment Amount**"), become due and payable on June 1, 2011, and, if not received by the City by the due date, will be subject to a 2% per month penalty;

WHEREAS, the Trustee does not presently have sufficient cash proceeds (either encumbered or unencumbered) to pay the June 1 Assessment Amount;

WHEREAS, Focus advised the parties that it intends to object to the use of the Focus MI Deposit to pay the June 1 Assessment Amount;

WHEREAS, the Agent has advised the Trustee that, in accordance with its rights and remedies under the Loan Documents, including without limitation the Collateral Documents, and under applicable law, and subject to the Court's entry of an order modifying the automatic stay of section 362(a) of the Bankruptcy Code in accordance with and subject to the terms of this Stipulation, the Agent intends to withdraw from the Account proceeds of the Focus MI Deposit in an amount equal to the June 1 Assessment Amount and to use such proceeds solely to pay the June 1 Assessment Amount to the City;

WHEREAS, by this Stipulation, the Trustee hereby consents and agrees to the modification of the automatic stay, such that, to the extent that (i) the Agent withdraws from the Account proceeds of the Focus MI Deposit and uses such proceeds to pay the June 1 Assessment Amount to the City, and (ii) the Focus MI Deposit, or any portion thereof, constitutes property of the Estate, such action by Agent shall not constitute a violation of section 362(a).

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the Agent and the Trustee, as follows:

1. If (a) the Agent withdraws from the Account proceeds of the Focus MI Deposit and uses such proceeds to pay the June 1 Assessment Amount to the City, and (b) the Focus MI Deposit, or any portion thereof, constitutes property of the Estate, such withdrawal and use by the Agent of the Focus MI Deposit proceeds will not constitute a violation of section 362(a) of the Bankruptcy Code.

2. Except as expressly set forth in paragraph 1 above, nothing in this Stipulation or in the Order approving this Stipulation shall be construed by the Trustee or the Agent to be (a) a ruling or acknowledgement by the Court as to the rights of any person, including, but not limited to, the Trustee, Focus or the Agent, in or to the Focus MI Deposit proceeds, or (b) a ratification by the Court of any action taken by the Agent, including, but not limited to, the withdrawal and use by the Agent of the Focus MI Deposit proceeds;

3. Except as expressly set forth in paragraph 1 above, (a) the rights of any person, including, but not limited to, the Trustee, Focus or the Agent, in or to the Focus MI Deposit proceeds, (b) any right of the Agent to exercise its collateral rights in connection with property of the Estate in order to restore the proceeds withdrawn from the Account to pay the June 1 Assessment Amount, including, without limitation, seeking, pursuant to sections 361, 362, 363, 364 or 507 of the Bankruptcy Code, adequate protection on a *nunc pro tunc* basis from the Estate in the form of a priority replacement lien on future LID proceeds and/or the allowance of a priority administrative expense claim in the amount of the June 1 Assessment Amount (plus interest thereon), and (c) (subject to any applicable restrictions herein) any right of the Trustee to oppose such exercise by the Agent, are hereby fully reserved.

#4826-8114- 63776

4. This Stipulation shall be of no force and effect unless and until it is approved by the Bankruptcy Court.

Dated: May 25, 2011
Las Vegas, Nevada

LEWIS AND ROCA LLP

By: _____
Robert M. Charles, Jr.
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996
Telephone: 702.949.8320
Facsimile: 702.949.8321
E-mail: rcharles@LRLaw.com

&

MORRISON & FOERSTER LLP
G. Larry Engel (admitted *pro hac vice*)
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
E-mail: lengel@mofo.com

&

MORRISON & FOERSTER LLP
Norman S. Rosenbaum (admitted *pro hac vice*)
Jordan A. Wishnew (admitted *pro hac vice*)
1290 Avenue of the Americas
New York, New York 10104
Telephone: 212.468.8000
Facsimile: 212.468.7900
E-mail: nrosenbaum@mofo.com
E-mail: jwishnew@mofo.com

*Attorneys for JPMorgan Chase Bank, N.A., as Administrative Agent*

Dated: May 25, 2011
Las Vegas, Nevada

SCHWARTZER & MCPHERSON LAW FIRM

By: _____
Lenard E. Schwartzer
Jeanette E. McPherson
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

&

MILBANK, TWEED, HADLEY & MCCLOY LLP
Robert J. Moore [(admitted *pro hac vice*)]
David Zolkin [(admitted *pro hac vice*)]
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone: 213.392.4000
Facsimile: 213.629.5063
E-mail: rmoore@milbank.com
E-mail: dzolkin@milbank.com

*Counsel For the Chapter 11 Trustee*

#4826-8114- 6377

7