**Entered on Docket
July 25, 2011**

_____
**Hon. Bruce A. Markell
United States Bankruptcy Judge**
_____

Robert J. Moore (CA State Bar No. 77495)
David B. Zolkin (CA State Bar No. 155410)
MILBANK, TWEED, HADLEY & McCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone:    (213) 892-4000
Facsimile:    (213) 629-5063

*Counsel for
Chapter 11 Trustee*

Lenard E. Schwartzer (NV State Bar No. 399)
Jeanette E. McPherson (NV State Bar No. 5423)
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122

*Local Counsel for
Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>SOUTH EDGE, LLC | Chapter 11<br><br>Case No. BK-S-10-32968-bam<br><br>**ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 331, FED. R. BANKR. P. 2016 AUTHORIZING AND ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**<br><br>**Date:**         **July 20, 2011**<br>**Hearing Time:**   **9:30 a.m.**<br>**Courtroom:**    **Courtroom #3**<br>                      **Foley Federal Building**<br>                      **300 Las Vegas Boulevard**<br>                      **Las Vegas, Nevada 89101** |

Upon the motion, dated July 8, 2011 (the "Motion"),[1] of Cynthia Nelson, the chapter 11 Trustee (the "Trustee") in the chapter 11 bankruptcy case (the "Chapter 11 Case") of

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

#4840-4320-2314

South Edge, LLC ("South Edge" or the "Debtor"), for entry of an order pursuant to sections 105(a) and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), authorizing and establishing procedures for the interim compensation and reimbursement of expenses of professionals, as more fully set forth in the Motion; and upon consideration of the supporting declaration of Cynthia Nelson, dated July 8, 2011; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the estate, its creditors and all other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, IT IS HEREBY **ORDERED THAT**:

    1. The Motion is granted;

    2. Except as otherwise provided in an order of the Court authorizing the retention of a particular professional, the professionals specifically retained pursuant to an order of the Court in this Chapter 11 Case (collectively, the "Professionals") may seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

    a. Subject to the specific terms below, and except for the months of February, March, April, May and June, 2011, which are addressed separately below, on or before the last day of each calendar month, or as soon as practicable thereafter (but not earlier than the 15th day of each calendar month), each Professional may file an application (a "Monthly Fee Application") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months and serve a copy of such Monthly Fee Application by e-mail or overnight mail on:

  i. the Trustee, Cynthia Nelson, FTI Consulting, Inc., 633 West Fifth Street, Suite 1600 Los Angeles, CA 90071 (cynthia.nelson@fticonsulting.com);

  ii. Milbank, Tweed, Hadley & M$^c$Cloy LLP, 601 South Figueroa Street, 30th Floor, Los Angeles, California 90017, Attn: Robert J. Moore (rmoore@milbank.com) and David B. Zolkin (dzolkin@milbank.com);

  iii. FTI Consulting, Inc., 633 West Fifth Street, Suite 1600 Los Angeles, CA 90071, Attn: M. Freddie Reiss (freddie.reiss@fticonsulting.com);

  iv. Schwartzer & McPherson Law Firm, 2850 South Jones Boulevard, Suite 1, Las Vegas, Nevada 89146-5308, Attn: Lenard E. Schwartzer (lschwartzer@s-mlaw.com) and Jeanette E. McPherson (jmcpherson@s-mlaw.com);

  v. the Debtor, through its counsel, (a) Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, Thirty-Ninth Floor, Los Angeles, CA 90067, Attn: David M. Stern (dstern@ktbslaw.com) and (b) The Schwartz Law Firm, Inc., 701 E. Bridger Avenue, Suite 120, Las Vegas, Nevada 89101, Attn: Samuel A. Schwartz (sam@schwartzlawyers.com);

  vi. South Edge equity members KB Home Nevada, Inc., Coleman-Toll Limited Partnership, Pardee Homes of Nevada, and Beazer Homes Holding Corp, through their counsel: Stutman, Treister & Glatt P.C., 1901 Avenue of the Stars, 12th Floor, Los Angeles, CA 90067, Attn: K. John Shaffer (jshaffer@stutman.com),

  vii. South Edge equity member Meritage Homes of Nevada, Inc., through its counsel: Fennemore Craig, 300 S. Fourth Street, Suite 1400 Las Vegas, Nevada 89101, Attention Laurel E. Davis;

  viii. Focus South Group, LLC,and its affiliates Holdings Manager LLC and Landtek LLC, through their counsel, White & Case LLP, 633 West Fifth Street, Suite 1900, Los Angeles, CA 90071-2007, Attn: Roberto Kampfner (rkampfner@la.whitecase.com)

  ix. the Agent, through its counsel, (a) Morrison & Foerster LLP, Morrison & Foerster LLP, 425 Market Street, San Francisco, CA 94105, Attn: G. Larry Engel (LEngel@mofo.com), and (b) Lewis and Roca LLP, 3993 Howard Hughes Parkway, Suite 600, Las Vegas, NV 89169-5996, Attn: Robert M. Charles, Jr. (RCharles@lrlaw.com);

  x. The U.S. Trustee of the District of Nevada, 300 Las Vegas Boulevard, So., Suite 4300, Las Vegas, Nevada, 89101, Attn: Athanasios E. Agelakopoulos (athanasios.agelakopoulos@usdoj.gov); and

  xi. counsel to any Committee appointed in the Chapter 11 Case (each a "Notice Party" and collectively, the "Notice Parties").

#4840-4320-2314

-3-

Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a Monthly Fee Application for a particular month or months. All Monthly Fee Applications will comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Ninth Circuit law, and the Local Rules of Bankruptcy Procedure for the District of Nevada (as amended, the "Local Rules").

Upon entry of the Order, any Professional may forthwith submit a Monthly Fee Application for each of February, March, April, May and June, 2011.

b. Each Notice Party will have fifteen (15) days after service (or the next business day if such day is not a business day) of a Monthly Fee Application (the "Objection Period") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below. If no objections are raised prior to the expiration of the Objection Period, the Professional submitting the Monthly Fee Application shall file a certificate of no objection with the Court, after which the Trustee shall be authorized to pay such Professional an amount equal to 85 percent of the fees and 100 percent of the expenses requested in its Monthly Fee Application (the "Maximum Monthly Payment"). If an objection is properly filed, the Trustee shall be authorized to pay the Professional 85 percent of the fees and 100 percent of the expenses that are not subject to an objection (the "Actual Monthly Payment"). The first Monthly Fee Application submitted by each Professional may cover the period from February 20, 2011 through and including March 31, 2011.

c. If any Notice Party objects to a Professional's Monthly Fee Application, it must, on or before the expiration of the Objection Period, (i) file a written objection (an "Objection") with the Court and serve such Objection on such Professional and each other Notice Party so as to be received on or before the expiration of the Objection Period. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection, the affected Professional may either (i) file a request with the Court for payment of the difference between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "Incremental Amount") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the objection if requested by the parties.

d. Approximately every four months (the "Interim Fee Period"), each Professional shall file with the Court and serve on the Notice Parties, on or before the last day of the month following the last day of the period for which compensation is sought, an application (an "Interim Fee Application") for Court approval and allowance on an interim basis of the compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. Objections, if any, to an Interim Fee Application shall be filed and served upon the affected Professional and the Notice Parties no later than fifteen (15) days after the date of service of such Interim Fee Application.

#4840-4320-2314                                -4-

  e. The Trustee will request that the Court schedule a hearing on Interim Fee Applications approximately once every four months or at such other intervals as the Court deems appropriate. If no Objections are timely filed, the Court may grant an Interim Fee Application without a hearing.

  f. Each Professional must file and serve its first Interim Fee Application on or before August 15, 2011. The first Interim Fee Application shall cover fees and expenses incurred from February 20, 2011 through and including June 30, 2011.

  g. The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures. Any Professional that fails to file an Interim Fee Application when due or permitted will be ineligible to receive further monthly or interim payments of fees or expenses under the Compensation Procedures until such time as an Interim Fee Application is submitted by the Professional for such period. There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

  h. Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court.

3. To the extent one is appointed, each member of any Committee will be permitted to submit statements of expenses and supporting vouchers to the respective Committee's counsel, which counsel will collect and submit the Committee members' requests for reimbursement in accordance with the Compensation Procedures. Approval of these Compensation Procedures, however, does not authorize payment of such expenses to the extent that such authorization does not exist under the Bankruptcy Code, the Bankruptcy Rules, applicable Ninth Circuit law, the Local Rules or the practices of this Court;

4. Notice of Monthly Fee Applications, Interim Fee Applications and final fee applications (collectively, the "<u>Applications</u>") shall be served only on the Notice Parties, and all other parties that have filed a notice of appearance with the Clerk of the Court and requested notice of pleadings in the Chapter 11 Case shall receive only notice of hearings on the Applications (the "<u>Hearing Notice</u>");

#4840-4320-2314

-5-

5. The Trustee will include all payments made to Professionals in accordance with the Compensation Procedures in the Trustee's monthly operating reports, identifying the amount paid to each of the Professionals;

6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a);

7. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation and/or interpretation of this Order.

8. This Order will become effective upon entry of a final order approving the Trustee's *Motion For Interim and Final Orders (1) Authorizing Chapter 11 Trustee to Obtain Senior Priming Secured Postpetition Financing; (2) Authorizing the Use of Cash Collateral; and (3) Scheduling a Final Hearing* [Docket No. 784] (which Motion is now pending before this Court and is set for final hearing on August 12, 2011), or as otherwise may be determined in such final order.

SUBMITTED BY:

SCHWARTZER & McPHERSON LAW FIRM
Lenard E. Schwartzer, Nevada Bar No. 0399
Jeanette E. McPherson, Nevada Bar No. 5423
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308

&

By: ___/Robert J. Moore/_____
MILBANK, TWEED, HADLEY & McCLOY LLP
Paul S. Aronzon (CA SBN 88781)
Robert J. Moore (CA State Bar No. 77495)
David B. Zolkin (CA State Bar No. 155410)
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017

*Counsel for Chapter 11 Trustee*

#4840-4320-2314                                -6-

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

   _X_  The court has waived the requirement of approval under LR 9021.

   ___  This is a chapter 7 or 13 case, and either with the motion, or at the hearing, I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

   ___  This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

   ___  I certify that I have served a copy of this order with the motion, and no parties appeared or filed written objections.

By:   /Robert J. Moore/
MILBANK, TWEED, HADLEY & McCLOY LLP
Paul S. Aronzon (CA SBN 88781)
Robert J. Moore (CA State Bar No. 77495)
David B. Zolkin (CA State Bar No. 155410)
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017

# # #

#4840-4320-2314

-7-