Entered on Docket
September 08, 2011

*Bruce A. Markell*
**Hon. Bruce A. Markell**
**United States Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEVADA

|  |  |
|---|---|
| In Re: | Case No.: 10-32968 (BAM) |
| SOUTH EDGE, LLC, | Chapter 11 |
| Debtor. | Hearing Date: September 7, 2011 |
|  | Time: 9:30 a.m. (PDT) |

### ORDER APPROVING (A) THE DISCLOSURE STATEMENT, (B) PLAN PROPONENTS' LIMITED USE OF BMC GROUP, INC.'S SERVICES, (C) THE FORM, SCOPE, AND NATURE OF SOLICITATION, BALLOTING, TABULATION, AND NOTICES WITH RESPECT TO THE JOINT PLAN OF REORGANIZATION FILED BY JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT UNDER THE PREPETITION CREDIT AGREEMENT, AND THE SETTLING BUILDERS, AND (D) RELATED CONFIRMATION PROCEDURES, DEADLINES, AND NOTICES

JPMorgan Chase Bank, N.A., as administrative agent under the Prepetition Credit Agreement, and the Settling Builders (together, the "Plan Proponents"), filed their *Motion for Entry of Order Approving (A) The Disclosure Statement, (B) Plan Proponents' Limited Use of BMC Group, Inc.'s Services, (C) The Form, Scope, and Nature of Solicitation, Balloting, Tabulation, And Notices With Respect To The Joint Plan Of Reorganization Filed By JPMorgan Chase Bank, N.A., As Administrative Agent Under The Prepetition Credit*

1

1    *Agreement, And The Settling Builders, And (D) Related Confirmation Procedures,*

2    *Deadlines, and Notices* [D.E. No. 845] (the "Motion"),[1] which came on for hearing on

3    September 7, 2011 at 9:30 a.m. (the "Hearing").  The Debtor appeared by and through

4    Cynthia Nelson as Chapter 11 Trustee for the estate, and all other appearances were noted

5    on the record at the time of the Hearing.

6         The Bankruptcy Court has the requisite jurisdiction to consider the Motion, the relief

7    requested in the Motion is a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and

8    venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

9         The Bankruptcy Court stated its findings of fact and conclusions of law on the record

10   at the hearing, which are incorporated herein by reference in accordance with Fed. R. Civ.

11   P. 52, made applicable pursuant to Fed. R. Bankr. P. 9014.  The Bankruptcy Court, having

12   determined that the relief requested in the Motion, as amended, is in the best interests of the

13   Debtor, its estate, and creditors, and good cause appearing therefor;

14   **IT IS HEREBY FOUND THAT:**

15   A.    Notice of the Motion and the Hearing was good and sufficient notice to all

16   interested parties and no other or further notice need be provided.  To the extent necessary, the

17   period of notice provided is approved not withstanding requirements of the Bankruptcy Rules

18   and the Bankruptcy Court's local rules.

19   B.    The *Disclosure Statement For The Joint Plan Of Reorganization Filed By*

20   *JPMorgan Chase Bank, N.A., As Administrative Agent Under The Prepetition Credit*

21   *Agreement, And The Settling Builders*  [D.E. No. 843] as amended by the Disclosure

22   Statement For The Joint Plan Of Reorganization Proposed By JPMorgan Chase Bank, N.A., As

23   Administrative Agent Under The Prepetition Credit Agreement, And The Settling Builders

24   (Amended As Of September 2, 2011) [D.E. No. 1002] (as further amended by those

---

[1] All references to "Chapter" and "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall be to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.  Unless otherwise defined herein, all capitalized terms used herein shall have the meaning ascribed to them in the Plan or the Motion, as applicable.

25

26

27

28

modifications read into the record of the Hearing, the "<u>Disclosure Statement</u>") contains "adequate information" as required by Section 1125(a) of the Bankruptcy Code.

C.     The forms of the Ballots (the "<u>Ballots</u>") to be distributed to the Creditors in the Voting Classes as attached to this Order as **Exhibit "4a"** and **Exhibit "4b"** substantially conform to Official Form No. 14, modified as necessary to address the particular aspects of the Chapter 11 Case.

D.     Ballots need not be provided to the Holders of unclassified Claims and unimpaired Claims in Class P1 (Priority Non-Tax Claims), Class S1 (Other Secured Claims), and Class S2 (LID Claims) because the Joint Plan of Reorganization Proposed By JPMorgan Chase Bank, N.A., As Administrative Agent Under The Prepetition Credit Agreement, And The Settling Builders (Amended As Of September 2, 2011) [D.E. No. 1005], as further amended by those modifications read into the record of the Hearing ("<u>Plan</u>") provides that such classes are unimpaired and, therefore, are deemed to accept the Plan pursuant to Section 1126(f) of the Bankruptcy Code.

E.     Ballots need not be provided to the Holders of impaired Claims and Interests in Class U3 (Member Claims (including Claims of Member Affiliates)) and Class E1 (Equity Interests) because the Plan that provides that such classes will not receive a distribution on account of such Claims and Interests and, therefore, are deemed to reject the Plan pursuant to Section 1126(g) of the Bankruptcy Code.

F.     The period, set forth below, during which the Plan Proponents may solicit acceptances or rejections of the Plan is a reasonable and adequate period of time for creditors to make an informed decision to accept or reject the Plan.

G.     The procedures for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with Section 1126 of the Bankruptcy Code.

H.     Service of a notice (the "<u>Confirmation Hearing Notice</u>"), pursuant to the procedures set forth below, providing notice to all holders of Claims of the time, date, and place of the hearing to consider confirmation of the Plan (the "<u>Confirmation Hearing</u>") and the

ny-983581

contents of the Solicitation Packages (as defined below) comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

I.      The Plan Proponents have the right to seek modifications or extensions of the matters governed by this Order.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.      The Motion is GRANTED.

2.      The Plan Proponents' limited use of BMC Group, Inc. as their agent for the limited purpose of soliciting votes on the Plan and tabulating the Ballots (in such capacity, the "Voting and Solicitation Agent") on the terms set forth in the Motion is APPROVED.

3.      **Exhibit "1"** (the Confirmation Hearing Notice), **Exhibit "2a"** (the Notice of Non-Voting Status-Deemed to Accept), **Exhibit "2b"** (the Notice of Non-Voting Status-Deemed to Reject), **Exhibit "3"** (the Publication Notice), and **Exhibits "4a," and "4b,"** (the Ballots) to this Order are hereby APPROVED.

4.      The record date (the "Record Date") for purposes of soliciting votes in connection with confirmation of the Plan pursuant to Fed. R. Bankr. P. 3017(d) shall be **September 12, 2011**.

**A.      Dissemination of Solicitation Packages.**

5.      The Plan Proponents shall disseminate solicitation packages ("Solicitation Packages") on or before **September 13, 2011**, as follows:

(a)      Solicitation Package consisting of: (1) the Disclosure Statement, together with all attachments thereto, including the Plan;[2] (2) this Order; (3) the Confirmation Hearing Notice; and (4) an appropriate Ballot or Ballots, together with a pre-addressed return envelope, collectively, the "Solicitation Package"), shall be disseminated to the following entities:

---

[2] The Disclosure Statement and any other Solicitation Package materials may be disseminated in paper form or in electronic date file on a CD or DVD.

(i)    Except with respect to holders of Claims in Class P1, Class S1, Class S2, Class U3, and Class E1, the Plan Proponents shall serve or cause to be served the Solicitation Package to all creditors and equity security holders;

(ii)    Each creditor that the Trustee scheduled as holding a Claim in its Schedules of Assets and Liabilities (the "Schedules"), which is not listed in the immediately preceding paragraph nor scheduled as a contingent, unliquidated, or disputed Claim;

(iii)    All non-debtor parties to unexpired leases and executory contracts as of **September 12, 2011**;

(iv)    All parties who have requested special notice in this Chapter 11 Case (the "Special Notice Parties"); and

(v)    The Office of the United States Trustee (the "U.S. Trustee") and the governmental entities enumerated in Bankruptcy Rule 2002(j).

(b)    Holders of Claims in Class P1, Class S1 and Class S2, will receive only (i) the Confirmation Hearing Notice, (ii) the Plan and Disclosure Statement, and (iii) the Non-Voting Status Notice-Deemed to Accept.

(c)    Holders of Claims in Class U3 and Class E1 will receive only (i) the Confirmation Hearing Notice, (ii) the Plan and Disclosure Statement, and (iii) the Non-Voting Status Notice-Deemed to Reject.

(d)    The Confirmation Hearing notice shall be distributed to all parties in the creditor matrix maintained by the Trustee that do not fall within any of the categories described in subparagraphs "(a)", "(b)" or "(c)" of this paragraph.

6.    With respect to addresses from which Notices of Commencement of the Chapter 11 Case and/or notices of the Disclosure Statement Hearing have been returned by the United States Postal Service as undeliverable, the Plan Proponents are excused from distributing Solicitation Packages to those entities listed at such addresses unless the Plan Proponents receive written notice of accurate addresses for such entities, or accurate forwarding addresses from the United States Postal Service, before the Solicitation Date, and

the failure to distribute Solicitation Packages to such entities will not constitute inadequate notice of the Confirmation Hearing, the Ballot Deadline (as defined below), or violation of Bankruptcy Rule 3017(d).

7.　　With respect to transferred Claims, (a) if the notice of transfer required by Bankruptcy Rule 3001(e)(2) is filed on or before the Record Date, the Solicitation Package will be mailed to the transferee in accordance with the notice of transfer, and the transferee will be entitled to vote to accept or to reject the Plan, and (b) if the notice of transfer is filed after the Record Date, then the Solicitation Package will be mailed to the original Holder of the Claim, and the original Holder of the Claim will be entitled to vote to accept or to reject the Plan.

8.　　If a proof of claim clearly (a) is duplicative of another proof of claim filed by or on behalf of the same creditor, or (b) amends and supersedes a prior proof of claim filed by or on behalf of the same creditor, such proof of claim shall supersede the prior Claims for voting and tabulation purposes, and the Voting and Solicitation Agent shall be excused from issuing a Ballot in connection with the duplicative, amended or superseded Claim.

9.　　The Plan Proponents shall file and within one business day serve or cause to be served the Plan Supplement no later than **September 26, 2011**.

**B.　　Voting and Tabulation of Ballots**.

10.　　All Ballots must be properly executed, completed, and the original thereof shall be delivered to the Voting and Solicitation Agent, so as to be <u>received</u> on or before **October 7, 2011** at **4:00 p.m. (PDT)** (the "Ballot Deadline"). The address of the Voting and Solicitation Agent is as follows:

| **If Delivered by Mail:** | **If Delivered by Overnight or Hand Delivery:** |
|---|---|
| BMC Group, Inc.<br>Attention: South Edge, LLC Ballot Processing<br>PO Box 3020<br>Chanhassen, MN 55317-3020 | BMC Group, Inc.<br>Attention: South Edge, LLC Ballot Processing<br>18750 Lake Drive East<br>Chanhassen, MN 55317 |

6

11.    With respect to a Claim in Class U2, the amount of a Claim for the purposes of Ballot tabulation will be:

      a.    For a Claim identified in the Schedules as neither contingent, unliquidated, nor disputed, and that is not the subject of an objection filed before the Ballot Deadline, or that has not been disallowed, waived, or withdrawn by order of the Bankruptcy Court, stipulation, or otherwise prior to the Ballot Deadline, and for which no proof of Claim has been timely filed, the Claim amount as identified in the Schedules (the "Scheduled Amount");

      b.    For a timely proof of Claim that is filed in a specified liquidated amount and that is not the subject of an objection filed before the Ballot Deadline or that has not been disallowed, waived, or withdrawn by order of the Bankruptcy Court, stipulation, or otherwise prior to the Ballot Deadline, the specified liquidated amount in such proof of Claim (the "Proof of Claim Amount");

      c.    For a timely proof of claim that is filed in a contingent, unliquidated or unknown amount and that is not the subject of an objection filed before the Ballot Deadline or that has not been disallowed, waived, or withdrawn by order of the Bankruptcy Court, stipulation, or otherwise prior to the Ballot Deadline, such claim will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count as a Ballot for Claims in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code; and

      d.    For a Claim that is the subject of an objection before the Ballot Deadline, only the undisputed amount, if any, of such Claim, unless such Claim is temporarily allowed under Bankruptcy Rule 3018(a) at or prior to the Confirmation Hearing. Any Creditor whose Claim is the subject of an objection may nonetheless tender a Ballot, which shall only be

ny-983581

counted as it relates to the disputed amount of such Claim upon the temporary allowance of such Claim for voting purposes.

12.    With respect to a Claim in Class S3 or Class U1, the amount of each Claim for the purposes of Ballot tabulation will be the obligations due under the Prepetition Credit Agreement as of the Petition Date to each Prepetition Lender as reflected in the books and records of the Agent as of the Record Date without regard to whether a proof of claim has been filed and without regard to the identities of the Prepetition Lenders listed on the Schedules.

13.    With respect to a Claim in Class U2, if an entity submits a Ballot for a Claim (a) for which there is no timely proof of claim filed and for which there is no corresponding Scheduled Amount, or (b) which is the subject of an unresolved objection filed prior to the Confirmation Hearing, such ballot will not be counted unless otherwise ordered by the Bankruptcy Court.

14.    The Voting and Solicitation Agent will tabulate the Ballots.  Pursuant to Local Rule 3018(a), the Voting and Solicitation Agent will prepare and file a ballot summary (the "Ballot Summary") no later than one business day prior to the Confirmation Hearing.

        a.    The Plan Proponents will provide notice of the Ballot Summary to the Debtor, the Chapter 11 Trustee, the U.S. Trustee, all parties who have requested notice pursuant to Bankruptcy Rule 2002, and all parties who have timely filed an objection to the Plan by the Plan Objection Deadline. The Plan Proponents will also deliver a copy of the Ballot Summary to the chambers of the Honorable Bruce A. Markell at 300 Las Vegas Blvd. S., Las Vegas, NV 89101.

        b.    The Ballot Summary will, among other things, (a) describe each Class and whether or not it is Impaired; (b) provide the number of votes received, the number of votes voting to accept the Plan and their aggregate dollar amount, and the number of votes voting to reject the Plan and their aggregate dollar amount; (c) indicate whether the Plan has received

8

sufficient votes to be confirmed; (d) delineate every irregular Ballot including, without limitation, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lack signatures or lack necessary information, received via facsimile or electronic mail, or damaged.

15.    Except as otherwise provided in the Solicitation Procedures, unless the Ballot being furnished is timely submitted on or prior to the Ballot Deadline, the Plan Proponents will reject such Ballot as invalid and, therefore, decline to count it in connection with Confirmation of the Plan.

16.    The Voting and Solicitation Agent will date all Ballots when received. The Voting and Solicitation Agent will retain the original Ballots and an electronic copy of the same for a period of one year after the Ballot Deadline.

17.    An original executed Ballot is required to be submitted by the party submitting such Ballot. Delivery of a Ballot to the Voting and Solicitation Agent by facsimile, email, or any other electronic means will not be valid.

18.    The method of delivery of Ballots to the Voting and Solicitation Agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, delivery will be deemed made only when the Voting and Solicitation Agent actually receives the originally executed Ballot.

19.    No Ballot should be sent to the Bankruptcy Court, the Clerk of the Bankruptcy Court, the Debtor, the Trustee, the Plan Proponents or their agents (other than the Voting and Solicitation Agent) or financial or legal advisors, and if so sent, will not be counted.

20.    If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Ballot Deadline, the latest dated, validly executed Ballot timely received will supersede and revoke any prior Ballot.

21.    Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split their votes. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, if a Holder has multiple Claims within the

9

same Class, the Plan Proponents may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

22.    Any creditor that requires additional copies of a Ballot may obtain an additional Ballot pursuant to the instructions set forth in the Confirmation Hearing Notice and the proposed Ballots.

23.    A person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity must indicate such capacity when signing and, if reasonably required or requested by the Voting and Solicitation Agent, the Plan Proponents, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.

24.    Subject to any contrary order of the Bankruptcy Court, the Plan Proponents reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Plan Proponents, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; provided, that any such rejections shall be documented in the Ballot Summary.

25.    The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (b) any Ballot cast by a party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any Ballot cast for a Claim scheduled as contingent, disputed, or unliquidated or for which the applicable Bar Date has passed and no Proof of Claim was timely filed; (d) any unsigned Ballot; (e) any Ballot marked both to accept and reject the Plan; (f) any Ballot sent by facsimile or other electronic means; (g) any Ballot submitted by any party not entitled to vote pursuant to the Solicitation Procedures; and (h) any Ballot that is incomplete; provided, however, that any Ballot that is signed but that does not indicate an acceptance or rejection of the Plan shall be deemed to be a Ballot accepting the Plan.

26.    The Plan Proponents, subject to contrary order of the Bankruptcy Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting; provided, that any such waivers will be documented in the Ballot Summary.

ny-983581

27.     Neither the Plan Proponents, nor any other party, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Ballot Summary, nor will any party incur any liability for failure to provide such notification.

28.     Unless waived by the Plan Proponents, subject to contrary order of the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Ballot Deadline or such Ballots will not be counted.

29.     In the event a designation for lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Bankruptcy Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected by such Claim.

30.     If a Claim has been estimated or otherwise allowed for voting purposes by an order of the Bankruptcy Court pursuant to Bankruptcy Rule 3018(a), such Claim will be temporarily allowed in the amount so estimated or allowed by the Bankruptcy Court for voting purposes only and not for purposes of allowance or distribution.

**C.    <u>Confirmation Hearing and Related Deadlines</u>.**

31.     The hearing on confirmation (the "<u>Confirmation Hearing</u>") of the Plan will be held on **October 17, 2011**, at 10:00 a.m. (PDT); *provided, however*, that the Confirmation Hearing may be adjourned from time to time by the Bankruptcy Court or the Plan Proponents without further notice to parties other than an announcement in Bankruptcy Court at the Confirmation Hearing or any adjourned subsequent Confirmation Hearing and the Plan may be modified pursuant to the Section 1127 of the Bankruptcy Code prior to, during, or as a result of the Confirmation Hearing, pursuant to the terms of the Plan.

32.     Objections to confirmation of the Plan, if any, including any objection by a non-debtor party to an executory contract or an unexpired lease to be assumed or rejected under the Plan, including to the proposed Cure Amount under the Plan or that such party is not being furnished with adequate assurance of future performance, must be in writing; state the name and address of the objecting party and the amount and nature of the Claim or interest of such party; state with particularly the basis and nature of any objection; and be filed,

11

together with proof of service, with the Bankruptcy Court no later than **4:00 p.m. (PDT) on October 10, 2011**. Objections to confirmation of the Plan not timely filed and served in the manner set forth herein shall not be considered and shall be overruled.

33. The Plan Proponents' memorandum and evidence (i.e., declarations and exhibits) in support of confirmation of the Plan, together with the Plan Proponents' omnibus reply to any objections to confirmation of the Plan be filed and served by **October 14, 2011**.

34. Unless otherwise agreed to by the Plan Proponents and the counterparty to the discovery at issue, all requests for discovery with respect to confirmation of the Plan and any related issues shall be conducted consistent with the following timeline:

| | |
|---|---|
| *September 9, 2011* | Deadline to Serve Discovery Requests (if response desired by September 30); any response to discovery served after that date shall be due 21 days after service |
| *September 26, 2011* | Deadline for Plan Proponents to file Plan Supplements |
| *September 28, 2011* | Deadline to Identify Confirmation Witnesses and Submit Expert Reports |
| *September 30, 2011* | Deadline to Serve Discovery Responses and Documents (for discovery served on or before September 9, 2011) |
| *Week of 10/3 – 10/7* | Depositions |
| *October 10, 2011 (Columbus Day)** | Deadline for submitting briefs objecting to confirmation |
| *October 10, 2011 (Columbus Day)** | Deadline for Rebuttal Expert Reports |
| *October 10, 2011 (Columbus Day)** | Deadline for opponents' declarations and exhibits for confirmation hearing |
| *October 14, 2011* | Deadline for proponents' response to objections to confirmation, together with declarations and exhibits for confirmation hearing<br><br>**(parties-in-interest shall be entitled to present objections at any time prior to or during the confirmation hearing)** |

ny-983581

\* Notwithstanding that October 10 is a federal holiday, the deadline will <u>not</u> carry over to October 11.

35.    The Ballot Summary shall be submitted to the Bankruptcy Court and filed and served by **October 16, 2011**.

36.    The Plan Proponents shall cause the one-time publication of the abbreviated notice of the Confirmation Hearing and related deadlines (the "Publication Notice"), substantially in the form attached to this Order as **Exhibit "3"**, in the *Las Vegas Review-Journal* on or before **September 13, 2011**.

37.    The Plan Proponents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion, including, but not limited to, making non-substantive changes to the Disclosure Statement, Plan, and the related solicitation documents referenced herein, without further order of the Bankruptcy Court, to correct typographical and grammatical errors or omissions prior to their distribution.

**IT IS SO ORDERED.**

PREPARED AND RESPECTFULLY
SUBMITTED BY:

/s/ Robert M. Charles, Jr. (#6593)

LEWIS AND ROCA LLP
Robert M. Charles, Jr.
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996

MORRISON & FOERSTER LLP
G. Larry Engel (admitted *pro hac vice*)
425 Market Street
San Francisco, California  94105-2482

MORRISON & FOERSTER LLP
Norman S. Rosenbaum (admitted *pro hac vice*)
Jordan A. Wishnew (admitted *pro hac vice*)
1290 Avenue of the Americas
New York, New York 10104

*Attorneys for JPMorgan Chase Bank, N.A.,*
*as Administrative Agent*

13

ny-983581

LAW OFFICES OF RICHARD
   McKNIGHT
Richard McKnight (Nevada Bar No. 001313)
330 S. Third Street #900
Las Vegas, Nevada 89101

STUTMAN TREISTER & GLATT PC
K. John Shaffer
Robert A. Greenfield
Anthony Arnold
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067

*Attorneys for the Settling Builders*

ny-983581

1

## **LR 9021 CERTIFICATION**

2

3   In accordance with LR 9021, counsel submitting this document certifies that the order accurately
    reflects the court's ruling and that (check one):

4

5       X         This Court has waived the requirement set forth in LR 9021(b)(1).

6                No party appeared at the hearing or filed an objection to the motion.

7                I have delivered a copy of this proposed order to all counsel who appeared
    at the hearing, and any unrepresented parties who appeared at the hearing,
8   and each has approved or disapproved the order, or failed to respond, as
    indicated below [list each party and whether the party has approved,
9   disapproved, or failed to respond to the document]:

10               Counsel appearing: _____

11               I certify that this is a case under Chapter 7 or 13, that I have served a copy
    of this order with the motion pursuant to LR 9014(g), and that no party has
12  objected to the form or content of the order.

13

14  Submitted by:
    LEWIS AND ROCA LLP
15

16  By:    /s/  Robert M. Charles, Jr., (6593)
    Attorneys for JPMorgan Chase Bank N.A. as
17  Administrative Agent

18

19                             # # #

20

21

22

23

24

25

26

27

28

ny-983581

# EXHIBIT 1

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>SOUTH EDGE, LLC,<br><br>                       Debtor. | Case No.: 10-32968 (BAM)<br><br>Chapter 11<br><br>**Hearing Information**<br><br>Date:         October 17, 2011<br>Time:        10:00 A.M.<br>Courtroom:  #3<br><br>**Voting Deadline**<br><br>October 7, 2011, at 4:00 p.m. (PDT)<br><br>**Response Deadline**<br><br>October 10, 2011, at 4:00 p.m. (PDT) |

### NOTICE OF CONFIRMATION HEARING ON JOINT PLAN OF REORGANIZATION PROPOSED BY JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT UNDER THE PREPETITION CREDIT AGREEMENT, AND THE SETTLING BUILDERS AND RELATED CONFIRMATION PROCEDURES AND DEADLINES

**PLEASE TAKE NOTICE** that on September __, 2011, the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") granting the *Motion for Entry of Order Approving (A) the Disclosure Statement, (B) Plan Proponents' Limited Use of BMC Group, Inc.'s Services, (C) the Form, Scope, and Nature of Solicitation, Balloting, Tabulation, and Notices With Respect to the Joint Plan of Reorganization Filed by JPMorgan Chase Bank, N.A., as Administrative Agent under the Prepetition Credit Agreement, and the Settling Builders, and (D) Related Confirmation Procedures, Deadlines and Notices* [D.E. No. 845]. Pursuant to the Solicitation Procedures Order, the Bankruptcy Court approved that certain *Disclosure Statement For The Joint Plan Of Reorganization Proposed By JPMorgan Chase Bank, N.A., As Administrative Agent Under The Prepetition Credit Agreement, and the Settling Builders* [D.E. No. 843] as amended by the *Disclosure Statement For The Joint Plan Of Reorganization Proposed By JPMorgan Chase Bank, N.A., As Administrative Agent Under The Prepetition Credit Agreement, And the Settling*

*Builders (Amended As Of September 7, 2011)* [D.E. No. _____] (as amended, the "Disclosure Statement"), finding that it contains adequate information to enable creditors to make an informed judgment when determining whether to vote to accept or reject the *Joint Plan Of Reorganization Proposed By JPMorgan Chase Bank, N.A., As Administrative Agent Under The Prepetition Credit Agreement, and the Settling Builders (As Amended As Of September 7, 2011)* [D.E. No. _____] (as amended, the "Plan").[1]

In accordance with the Solicitation Procedures Order, **PLEASE TAKE FURTHER NOTICE OF THE FOLLOWING**:

### DISTRIBUTION OF SOLICITATION MATERIALS

1.      The Bankruptcy Court has approved the Disclosure Statement as containing adequate information within the meaning of Bankruptcy Code section 1125(a) and has authorized transmittal of the Disclosure Statement and the Plan in the manner set forth in the Solicitation Procedures Order.

2.      If you have received this Notice without the Plan and Disclosure Statement, the Plan Proponents believe that you are entitled to receive Notice, but that you do not hold a claim against the Debtor or its estate and will not receive a distribution under the Plan.    You nevertheless may obtain a copy of the Plan and Disclosure Statement (along with Solicitation Procedures Order) by accessing the website of the Voting and Solicitation Agent, BMC Group Inc., at www.bmcgroup.com/southedge, or by sending a written request to counsel for either of the Plan Proponents: Morrison & Foerster LLP, Attn: Jordan A. Wishnew, 1290 Avenue of the Americas, New York, New York 10104, Telephone: (212) 336-4328, E-mail: jwishnew@mofo.com; or Stutman Treister & Glatt PC, Attn: K. John Shaffer, 1901 Avenue of the Stars, 12th Floor, Los Angeles, California 90067, Telephone: (310) 228-5785, E-mail: jshaffer@stutman.com.

3.      If you have received this Notice with the Plan and Disclosure Statement but you have not received a Ballot, the Plan Proponents believe that you are not entitled to vote on the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

Plan because: (a) you are a creditor who is not impaired by the Plan; (b) you are a creditor who is deemed to reject the Plan; or (c) you are entitled to notice, but you are not a creditor. If you nevertheless believe that you are entitled to vote on the Plan, you must file and serve a motion requesting a determination that you are entitled to vote on the Plan and arrange for such motion to be heard by the Bankruptcy Court at or prior to the Ballot Deadline. Before doing so, however, you should first confirm that the absence of a Ballot was not inadvertent by contacting the Voting and Solicitation Agent: BMC Group, Inc., via e-mail at BMC-SouthEdge@bmcgroup.com or via telephone at 1-888-909-0100.

    4.    If you have received this Notice <u>with</u> the Plan, Disclosure Statement <u>and</u> a Ballot, the Plan Proponents believe you are a creditor in an impaired class and are entitled to vote on the Plan.

### <u>VOTING PROCEDURES AND DEADLINES</u>

    5.    Creditors who wish to vote on the Plan must return their Ballots to accept or reject the Plan so that they are actually received by the Voting and Solicitation Agent, BMC, at the address below by no later than **October 7, 2011, at 4:00 p.m. (PDT)** (the "<u>Ballot Deadline</u>"). Ballots may be transmitted by first-class mail, overnight delivery, or hand delivery. Ballots sent by email or facsimile will not be accepted. Any Ballots received after the Ballot Deadline will not be counted. Creditors should return their Ballots, in accordance with the instructions printed on the Ballots, to the following address:

| <u>If Delivered by Mail:</u> | <u>If Delivered by Overnight or Hand Delivery:</u> |
|---|---|
| BMC Group, Inc.<br>Attention: South Edge, LLC Ballot Processing<br>PO Box 3020<br>Chanhassen, MN 55317-3020 | BMC Group, Inc.<br>Attention: South Edge, LLC Ballot Processing<br>18750 Lake Drive East<br>Chanhassen, MN 55317 |

    6.    Pursuant to the Plan, the deadline for objecting to claims is after the hearing on confirmation of the Plan. Creditors should not rely on the absence of an objection to their proofs of claim in determining whether to vote to accept or reject the Plan or as any indication that the

Trustee or the Estate Representative ultimately will not object to the amount, priority, secured status, or allowance of such claims; unless a claim is expressly allowed in the Plan, the Estate Representative retains the right to object to the claim after confirmation of the Plan.

## PLAN CONFIRMATION HEARING AND DEADLINES FOR OBJECTIONS

7.      The hearing on confirmation of the Plan (the "Confirmation Hearing") will commence on **October 17, 2011** at **10:00 a.m**. **(PDT)** before the Honorable Bruce A. Markell in Courtroom 3 at 300 Las Vegas Blvd. South, Las Vegas, Nevada 89101 and will be continued if necessary. The Confirmation Hearing may be further continued by announcement in open court without further notice to parties in interest.

8.      Any objection to confirmation of the Plan, including any objection by a non-debtor party to an executory contract or an unexpired lease to be assumed under the Plan, including to the amount of its Cure Amount pursuant to the Plan or that the non-debtor party is not being furnished with adequate assurance of future performance, must be filed with the Bankruptcy Court and served no later than **October 10, 2011**. Any such objection must be in writing, specify the name of and address for service on the party objecting ("Objecting Party"), set forth the amount of the Objecting Party's claims and any other grounds giving the Objecting Party standing to object, set forth the grounds for the objection, and be accompanied by the Objecting Party's evidentiary support for its objection, including declarations made under penalty of perjury and other admissible evidence. The objection and evidence in support thereof must be served on:

      a.      **Office of the United States Trustee:**

            Attn: Athanasios E. Agelakopoulos, Esq.
            300 Las Vegas Blvd. South, Suite 4300
            Las Vegas, Nevada 89101
            E-mail:  athanasios.agelakopoulos@usdoj.gov

      b.      **Trustee:**

            Attn: Cynthia Nelson
            633 West Fifth Street, 16th Floor
            Los Angeles, Ca 90071
            E-mail:  cynthia.nelson@fticonsulting.com

    c.      **Counsel for the Trustee:**

             Milbank, Tweed, Hadley & McCloy LLP
             Attn:  Robert J. Moore and David B. Zolkin
             601 South Figueroa Street, 30th Floor
             Los Angeles, California  90017
             E-mail:  rmoore@milbank.com
             E-mail:  dzolkin@milbank.com

    d.      **Counsel for the Agent**:

             Attn: Robert M. Charles, Jr.
             Lewis and Roca LLP
             3993 Howard Hughes Parkway, Suite 600
             Las Vegas, Nevada 89169-5996
             E-mail:  RCharles@lrlaw.com

             Attn: G. Larry Engel
             Morrison & Foerster LLP
             425 Market Street
             San Francisco, California  94105
             E-mail:lengel@mofo.com

             Attn: Norman S. Rosenbaum
             Morrison & Foerster LLP
             1290 Avenue of the Americas
             New York, New York 10104
             E-mail: nrosenbaum@mofo.com

    e.      **Counsel for the Settling Builders:**

             Attn:  Richard McKnight
             Law Offices of Richard McKnight
             330 S. Third Street #900
             Las Vegas, Nevada 89101
             E-mail:  rmcknight@lawlasvegas.com

             Attn:  K. John Shaffer
             Stutman Treister & Glatt PC
             1901 Avenue of the Stars, 12th Floor
             Los Angeles, California 90067
             E-mail:  jshaffer@stutman.com

      f.     **All other parties who have requested special notice.**[2]

9.    If you fail to comply with the requirements set forth in Paragraph 8, then the Bankruptcy Court may refuse to allow you to speak at the Confirmation Hearing.

10.    Any objection not timely filed and served will be deemed to be waived and to be consent to the Bankruptcy Court's entry of an order confirming the Plan.

**PLEASE TAKE FURTHER NOTICE** that if the Bankruptcy Court enters an order confirming the Plan, Bankruptcy Code section 1141 shall become applicable with respect to the Plan, and the Plan shall be binding on all parties to the fullest extent permitted by Section 1141 of the Bankruptcy Code.

---

[2] A service list listing these parties may be obtained by sending a written request to the Settling Builders' counsel, K. John Shaffer, Stutman Treister & Glatt PC, 1901 Avenue of the Stars, 12th Floor, Los Angeles, California 90067.

DATED this _____ day of September, 2011.

By:_____

LEWIS AND ROCA LLP
Robert M. Charles, Jr.
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996

MORRISON & FOERSTER LLP
G. Larry Engel (admitted *pro hac vice*)
425 Market Street
San Francisco, California  94105-2482

MORRISON & FOERSTER LLP
Norman S. Rosenbaum (admitted *pro hac vice*)
Jordan A. Wishnew (admitted *pro hac vice*)
1290 Avenue of the Americas
New York, New York 10104

*Attorneys for JPMorgan Chase Bank, N.A.,*
*as Administrative Agent*

LAW OFFICES OF RICHARD
  McKNIGHT
Richard McKnight (Nevada Bar No. 001313)
330 S. Third Street #900
Las Vegas, Nevada 89101

STUTMAN TREISTER & GLATT PC
K. John Shaffer (admitted *pro hac vice*)
Robert A. Greenfield (admitted *pro hac vice*)
Anthony Arnold (admitted *pro hac vice*)
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067

*Attorneys for the Settling Builders*

# EXHIBIT 2(a)

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>SOUTH EDGE, LLC,<br><br>                           Debtor. | Case No.: 10-32968 (BAM)<br><br>Chapter 11<br><br><br>**Hearing Information**<br><br>Date:          October 17, 2011<br>Time:         10:00 A.M.<br>Courtroom:  #3 |

## <u>NOTICE OF NON-VOTING STATUS - DEEMED TO ACCEPT</u>

**PLEASE TAKE NOTICE** that on September [__], 2011, the United States Bankruptcy Court for the District of Nevada (the "<u>Bankruptcy Court</u>") entered an order (the "<u>Solicitation Procedures Order</u>") granting the *Motion for Entry of Order Approving (A) the Disclosure Statement, (B)Plan Proponents' Limited Use of BMC Group, Inc.'s Services, (C) the Form, Scope, and Nature of Solicitation, Balloting, Tabulation, and Notices With Respect to the Joint Plan of Reorganization Filed by JPMorgan Chase Bank, N.A., as Administrative Agent under the Prepetition Credit Agreement, and the Settling Builders, and (D) Related Confirmation Procedures, Deadlines and Notices* [D.E. No. 845]. Pursuant to the Solicitation Procedures Order, the Bankruptcy Court approved that certain *Disclosure Statement For The Joint Plan Of Reorganization Proposed By JPMorgan Chase Bank, N.A., As Administrative Agent Under The Prepetition Credit Agreement, and the Settling Builders* [D.E. No. 843] as amended by the *Disclosure Statement For The Joint Plan Of Reorganization Proposed By JPMorgan Chase Bank, N.A., As Administrative Agent Under The Prepetition Credit Agreement, And the Settling Builders (Amended As Of September 7, 2011)* [D.E. No. ____] (as amended, the "<u>Disclosure Statement</u>"), finding that it contains adequate information to enable creditors to make an informed judgment when determining whether to vote to accept or reject the *Joint Plan Of Reorganization Proposed By JPMorgan Chase Bank, N.A., As Administrative Agent Under The Prepetition Credit Agreement, and the Settling Builders (As Amended As Of September 7, 2011)* [D.E. No.

____] (as amended, the "Plan").[1]  Also pursuant to the Solicitation Procedures Order, the Bankruptcy Court authorized the Plan Proponents to distribute the Plan and Disclosure Statement to creditors, and to solicit votes to approve or reject the Plan.

**PLEASE TAKE FURTHER NOTICE** that if you have received this Notice, then the Plan Proponents believe that you are not entitled to vote on the Plan because you are a creditor whose claim is unimpaired by the Plan.  If you nevertheless believe that you are entitled to vote on the Plan, you must file and serve a motion requesting a determination that you are entitled to vote on the Plan and arrange for such motion to be heard by the Bankruptcy Court at or prior to the Ballot Deadline.  Before doing so, however, you should first confirm that the absence of a ballot was not inadvertent by contacting the Voting and Solicitation Agent:  BMC Group, Inc., via e-mail at BMC-SouthEdge@bmcgroup.com or via telephone at 1-888-909-0100.

DATED this ____ day of September, 2011.


By:_____


LEWIS AND ROCA LLP
Robert M. Charles, Jr.
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996

MORRISON & FOERSTER LLP
G. Larry Engel (admitted *pro hac vice*)
425 Market Street
San Francisco, California  94105-2482

MORRISON & FOERSTER LLP
Norman S. Rosenbaum (admitted *pro hac vice*)
Jordan A. Wishnew (admitted *pro hac vice*)
1290 Avenue of the Americas
New York, New York 10104


*Attorneys for JPMorgan Chase Bank, N.A.,*
*as Administrative Agent*

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

LAW OFFICES OF RICHARD
  McKNIGHT
Richard McKnight (Nevada Bar No. 001313)
330 S. Third Street #900
Las Vegas, Nevada 89101

STUTMAN TREISTER & GLATT PC
K. John Shaffer (admitted *pro hac vice*)
Robert A. Greenfield (admitted *pro hac vice*)
Anthony Arnold (admitted *pro hac vice*)
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067

*Attorneys for the Settling Builders*

# EXHIBIT 2(b)

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>SOUTH EDGE, LLC,<br><br>                      Debtor. | Case No.: 10-32968 (BAM)<br><br>Chapter 11<br><br>**Hearing Information**<br><br>Date:        October 17, 2011<br>Time:       10:00 A.M.<br>Courtroom:  #3 |

## NOTICE OF NON-VOTING STATUS - DEEMED TO REJECT

**PLEASE TAKE NOTICE** that on September [___], 2011, the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") granting the *Motion for Entry of Order Approving (A) the Disclosure Statement, (B) Plan Proponents' Limited Use of BMC Group, Inc.'s Services, (C) the Form, Scope, and Nature of Solicitation, Balloting, Tabulation, and Notices With Respect to the Joint Plan of Reorganization Filed by JPMorgan Chase Bank, N.A., as Administrative Agent under the Prepetition Credit Agreement, and the Settling Builders, and (D) Related Confirmation Procedures, Deadlines and Notices* [D.E. No. 845]. Pursuant to the Solicitation Procedures Order, the Bankruptcy Court approved that certain *Disclosure Statement for the Joint Plan Of Reorganization Proposed By JPMorgan Chase Bank, N.A., As Administrative Agent Under The Prepetition Credit Agreement, and the Settling Builders* [D.E. No. 843] as amended by the *Disclosure Statement For The Joint Plan Of Reorganization Proposed By JPMorgan Chase Bank, N.A., As Administrative Agent Under The Prepetition Credit Agreement, And the Settling Builders (Amended As Of September 7, 2011)* [D.E. No. _____] (as amended, the "Disclosure Statement") (the "Disclosure Statement"), finding that it contains adequate information to enable creditors to make an informed judgment when determining whether to vote to accept or reject the *Joint Plan Of Reorganization Proposed By JPMorgan Chase Bank, N.A., As Administrative Agent Under The Prepetition Credit Agreement, and the Settling Builders* [D.E. No. __] (as amended,

the "Plan").[1]    Also pursuant to the Solicitation Procedures Order, the Bankruptcy Court authorized the Plan Proponents to distribute the Plan and Disclosure Statement to creditors, and to solicit votes to approve or reject the Plan.

**PLEASE TAKE FURTHER NOTICE** that if you have received this Notice, then the Plan Proponents believe that you are not entitled to vote on the Plan because you are a creditor or interest holder who will not receive or retain any property under the Plan on account of such claim or interest and, as such, are deemed to reject the Plan.  If you nevertheless believe that you are entitled to vote on the Plan, you must file and serve a motion requesting a determination that you are entitled to vote on the Plan and arrange for such motion to be heard by the Bankruptcy Court at or prior to the Ballot Deadline.  Before doing so, however, you should first confirm that the absence of a ballot was not inadvertent by contacting the Voting and Solicitation Agent: BMC Group, Inc., via e-mail at BMC-SouthEdge@bmcgroup.com or via telephone at 1-888-909-0100.

DATED this _____day of September, 2011.

By:_____

LEWIS AND ROCA LLP
Robert M. Charles, Jr.
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996

MORRISON & FOERSTER LLP
G. Larry Engel (admitted *pro hac vice*)
425 Market Street
San Francisco, California  94105-2482

MORRISON & FOERSTER LLP
Norman S. Rosenbaum (admitted *pro hac vice*)
Jordan A. Wishnew (admitted *pro hac vice*)
1290 Avenue of the Americas
New York, New York 10104

*Attorneys for JPMorgan Chase Bank, N.A.,
as Administrative Agent*

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

LAW OFFICES OF RICHARD
    McKNIGHT
Richard McKnight (Nevada Bar No. 001313)
330 S. Third Street #900
Las Vegas, Nevada 89101

STUTMAN TREISTER & GLATT PC
K. John Shaffer (admitted *pro hac vice*)
Robert A. Greenfield (admitted *pro hac vice*)
Anthony Arnold (admitted *pro hac vice*)
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067

*Attorneys for the Settling Builders*

EXHIBIT 3

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| In Re:<br><br>SOUTH EDGE, LLC,<br><br><div align="right">Debtor.</div> | Case No.: 10-32968 (BAM)<br><br>Chapter 11<br><br>**Hearing Information**<br><br>Date:     October 17, 2011<br>Time:    10:00 A.M.<br>Courtroom:  #3<br><br>**Voting Deadline**<br><br>October 7, 2011, at 4:00 p.m. (PDT)<br><br>**Response Deadline**<br><br>October 10, 2011, at 4:00 p.m. (PDT) |
| --- | --- |

### NOTICE OF HEARING ON JOINT PLAN OF REORGANIZATION PROPOSED BY JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT UNDER THE PREPETITION CREDIT AGREEMENT, AND THE SETTLING BUILDERS

On October 17, 2011 at 10:00 a.m. (Pacific Time), a hearing will be held before the Honorable Bruce A. Markell in Courtroom 3 at the United States Bankruptcy Court for the District of Nevada, 300 Las Vegas Blvd. South, Las Vegas, Nevada 89101 to consider confirmation of the *Joint Plan Of Reorganization Proposed By JPMorgan Chase Bank, N.A., As Administrative Agent Under The Prepetition Credit Agreement, And The Settling Builders* (the "Plan"), filed in the case of *In re South Edge, LLC*, Case No 10-32968 (BAM).

Any objection to confirmation of the Plan must be filed and served by 4:00 p.m. (Pacific time) on October 10, 2011. Creditors who wish to vote on the Plan must return their ballots to accept or reject the Plan so that they are actually received by no later than 4:00 p.m. (Pacific time) on October 7, 2011.

If the Bankruptcy Court enters an order confirming the Plan, Bankruptcy Code section 1141 shall become applicable with respect to the Plan and the Plan shall be binding on all parties to the fullest extent permitted by Bankruptcy Code section 1141.

If you have any questions regarding this notice or the Plan, please contact the Administrative Agent's counsel, Morrison & Foerster LLP, Attn: Jordan A. Wishnew, 1290 Avenue of the Americas, New York, New York 10104, Telephone: (212) 336-4328, or E-mail: jwishnew@mofo.com.

DATED this _____ day of September, 2011.

By:_____

LEWIS AND ROCA LLP
Robert M. Charles, Jr.
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996

MORRISON & FOERSTER LLP
G. Larry Engel (admitted *pro hac vice*)
425 Market Street
San Francisco, California  94105-2482

MORRISON & FOERSTER LLP
Norman S. Rosenbaum (admitted *pro hac vice*)
Jordan A. Wishnew (admitted *pro hac vice*)
1290 Avenue of the Americas
New York, New York 10104

*Attorneys for JPMorgan Chase Bank, N.A.,*
*as Administrative Agent*

LAW OFFICES OF RICHARD
   McKNIGHT
Richard McKnight (Nevada Bar No. 001313)
330 S. Third Street #900
Las Vegas, Nevada 89101

STUTMAN TREISTER & GLATT PC
K. John Shaffer (admitted *pro hac vice*)
Robert A. Greenfield (admitted *pro hac vice*)
Anthony Arnold (admitted *pro hac vice*)
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067

*Attorneys for the Settling Builders*

# EXHIBIT 4(a)

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

In Re:

SOUTH EDGE, LLC,

Debtor.

Case No.: 10-32968 (BAM)

Chapter 11

## CLASS U2 BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION PROPOSED BY JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT UNDER THE PREPETITION CREDIT AGREEMENT, AND THE SETTLING BUILDERS

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT.

JPMorgan Chase Bank, N.A., as Administrative Agent under the Prepetition Credit Agreement, and the Settling Builders (together, the "Plan Proponents") filed the *Joint Plan Of Reorganization Proposed By JPMorgan Chase Bank, N.A., As Administrative Agent Under The Prepetition Credit Agreement, And The Settling Builders* on August 1, 2011 (Amended as of September 7, 2011) (as may be amended, modified, or supplemented, the "Plan").[1]  Pursuant to an order of the Bankruptcy Court dated September [___], 2011 (the "Order"), the Bankruptcy Court has approved the *Disclosure Statement For The Joint Plan Of Reorganization Proposed By JPMorgan Chase Bank, N.A., As Administrative Agent Under The Prepetition Credit Agreement, And The Settling Builders* (Amended as of September 7, 2011*)* with respect to the Plan (the "Disclosure Statement"), which provides information to assist you in deciding how to vote your Ballot.  Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.  The Plan Proponents are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.

**The Plan Proponents recommend that you vote to accept the Plan**.

If you do not have copies of the Disclosure Statement and the Plan or any of the other materials in the solicitation package, you may obtain a copy by contacting the Agent's counsel, the law firm of Morrison & Foerster LLP, Attn:  Jordan A. Wishnew, 1290 Avenue of the Americas, New York, New York 10104, Telephone:  (212) 336-4328, or E-mail:  jwishnew@mofo.com.

You should review the Disclosure Statement and the Plan.  You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claims under the Plan.  Only holders of Claims in Class S3 (Prepetition Lender Secured Claims), Class U1 (Prepetition Lender Deficiency Claims), and Class U2 (General Unsecured Claims) are impaired and are entitled to vote on the Plan.  YOU MAY VOTE ONLY YOUR CLASS U2 CLAIM ON THIS BALLOT.  If you hold a Claim in another Class, you will receive additional Ballots for such Classes in which you are entitled to vote.

---

[1]  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

**If your Ballot is not <u>received</u> at or before 4:00 p.m. (PDT) on October 7, 2011, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

<u>**Instructions**</u>

1.      Your completed Ballot must be delivered by U.S. mail, by hand delivery, or by overnight delivery to BMC Group, Inc., as follows:

| <u>If Delivered by Mail:</u> | <u>If Delivered by Overnight or Hand Delivery:</u> |
|---|---|
| BMC Group, Inc.<br>Attention: South Edge, LLC Ballot Processing<br>PO Box 3020<br>Chanhassen, MN 55317-3020 | BMC Group, Inc.<br>Attention: South Edge, LLC Ballot Processing<br>18750 Lake Drive East<br>Chanhassen, MN 55317 |

2.      You must vote all of your Claim <u>either</u> to accept or to reject the Plan and you may not split your vote.  If this Ballot is received but does not indicate either an acceptance or rejection of the Plan, you will be deemed to have accepted the Plan.  If this Ballot is received and indicates both an acceptance and a rejection of the Plan, it will not be counted.

3.      If this Ballot is received **after** the Ballot Deadline of **4:00 p.m. (PDT) on October 7, 2011**, it will not be counted, unless the Plan Proponents have granted an extension of the Ballot Deadline in writing.

Additionally, this Ballot will **NOT** be counted if:

➢  it is illegible or contains insufficient information to permit the identification of the claimant;

➢  it is cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

➢  it is properly completed, executed, and timely filed, but (a) indicates both an acceptance and rejection of the Plan, or (b) partially accepts and rejects the Plan;

➢  it is submitted by facsimile or electronic mail;

➢  it is not signed;

> it is delivered to the Debtor, the Trustee, the Plan Proponents, the Plan Proponents' agents or representatives (other than BMC) the Bankruptcy Court or the Clerk of Bankruptcy Court, or any person or entity other than BMC; and/or

> it is not cast in accordance with the procedures approved in the Order.

4. This Ballot shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver this Ballot to BMC.

5. The method of delivery of this Ballot to BMC is at your election and risk. Except as otherwise provided herein, such delivery will be deemed made only when BMC **actually receives** the originally executed Ballot. Instead of effecting delivery by first-class mail, it is recommended, though not required, that you use an overnight or hand delivery service. In all cases, you should allow sufficient time to ensure timely delivery.

**Item 1: Vote on the Plan.**

Pursuant to the Order, as of the Record Date (close of business on **September 12, 2011**), you are entitled to vote a Class U2 Claim in the amount of: $ _____.

❑ I VOTE TO **ACCEPT** THE PLAN, *or*      ❑ I VOTE TO **REJECT** THE PLAN

| | |
|---|---|
| DATED: _____ 2011 | Name of Creditor: _____ |
| | By:_____ |
| **TO HAVE YOUR VOTE COUNT, THIS BALLOT MUST BE RECEIVED BY 4:00 P.M. (PDT) ON October 7, 2011.** | Title (if corporation or other entity): _____ |
| | Street Address: _____ |
| | City, State and Zip Code:_____ |
| | Telephone: (_____)_____ |
| | E-mail: _____ |
| | Signature:_____ |

Note: **Ballot must be signed in order to be counted.**

❑ *Please check here if the above address is a Change of Address that you would like reflected in the Master Mailing List for this Chapter 11 Case.*

This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. No fees or commissions or remuneration will be payable to any broker, dealer, or other person for soliciting ballots accepting the Plan. Nothing contained herein or in the enclosed documents shall constitute an appointment of you or any other person as the

agent of the Plan Proponents, authorize you or any other person to use any document or make any statements on behalf of the Plan Proponents or with respect to the Plan, except for the statements contained in the documents enclosed herewith.

If you have any questions regarding this Ballot or the voting procedures, please contact the Agent's counsel, Morrison & Foerster LLP, Attn: Jordan A. Wishnew, 1290 Avenue of the Americas, New York, New York 10104, Telephone:   (212) 336-4328, or E-mail: jwishnew@mofo.com.

The Ballot is neither a proof of claim form, nor an admission by the Debtor or the Trustee of the nature, validity, or amount of any claim.

To have your vote count, you must complete, sign and timely return this Ballot.  If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

EXHIBIT 4(b)

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | Case No.: 10-32968 (BAM) |
| SOUTH EDGE, LLC, | Chapter 11 |
| Debtor. | |

## PREPETITION LENDERS' BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN OF REORGANIZATION PROPOSED BY JPMORGAN CHASE BANK, N.A., AS ADMINISTRATIVE AGENT UNDER THE PREPETITION CREDIT AGREEMENT, AND THE SETTLING BUILDERS

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT.

JPMorgan Chase Bank, N.A., as administrative agent under the Prepetition Credit Agreement (the "Agent"), and the Settling Builders (together, the "Plan Proponents") filed the *Joint Plan Of Reorganization Proposed By JPMorgan Chase Bank, N.A., As Administrative Agent Under The Prepetition Credit Agreement, And The Settling Builders* (Amended as of September 7, 2011*)* (as may be amended, modified, or supplemented, the "Plan"). [1] Pursuant to an order of the Bankruptcy Court dated September [   ], 2011 (the "Order"), the Bankruptcy Court has approved the *Disclosure Statement For The Joint Plan Of Reorganization Proposed By JPMorgan Chase Bank, N.A., As Administrative Agent Under The Prepetition Credit Agreement, And The Settling Builders* (As Amended as of September 7, 2011) with respect to the Plan (as amended, the "Disclosure Statement"), which provides information to assist you in deciding how to vote your Ballot. Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. The Plan Proponents are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.

If you do not have copies of the Disclosure Statement and the Plan or any of the other materials in the solicitation package, you may obtain a copy by contacting counsel for the Agent, the law firm of Morrison & Foerster LLP, Attn: Jordan A. Wishnew, 1290 Avenue of the Americas, New York, New York 10104, Telephone: (212) 336-4328, or E-mail: jwishnew@mofo.com.

You are receiving this Prepetition Lenders' Ballot because the records of the Agent, JPMorgan Chase Bank, N.A., indicate that you are a Prepetition Lender and a holder of a Class S3 Claim (Prepetition Lender Secured Claim) and a Class U1 Claim (Prepetition Lender Deficiency Claim) under the Prepetition Credit Agreement as of the Record Date of the close of business on **September 12, 2011**. Accordingly, you have a right to vote to accept or reject the Plan. In addition, the Plan Proponents are soliciting the acceptance and approval of a Prepetition Credit Agreement Amendment, which was filed with the Bankruptcy Court as a Plan Supplement.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

**The Plan Proponents recommend that you vote to accept the Plan.**

You should review the Disclosure Statement and the Plan. You may wish to seek legal advice concerning the Plan and the classification and treatment of the Class S3 Claims and Class U1 Claims under the Plan. Only holders of Claims in Class S3 (Prepetition Lender Secured Claims), Class U1 (Prepetition Lender Deficiency Claims), and Class U2 (General Unsecured Claims) are impaired and are entitled to vote on the Plan.

YOU MAY VOTE ONLY YOUR CLASS S3 CLAIM and CLASS U1 CLAIM ON THIS BALLOT. If you hold a Claim in another Class, you will receive additional Ballots for such Classes in which you are entitled to vote.

<u>**Instructions**</u>

1.      Your completed Ballot must be delivered by U.S. mail, by hand delivery, or by overnight delivery to BMC Group, Inc., as follows:

| <u>If Delivered by Mail:</u> | <u>If Delivered by Overnight or Hand Delivery:</u> |
|---|---|
| BMC Group, Inc.<br>Attention: South Edge, LLC Ballot Processing<br>PO Box 3020<br>Chanhassen, MN 55317-3020 | BMC Group, Inc.<br>Attention: South Edge, LLC Ballot Processing<br>18750 Lake Drive East<br>Chanhassen, MN 55317 |

2.      You must vote your entire Claim within each Class <u>either</u> to accept or to reject the Plan and you may not split your vote. If this Ballot is received but does not indicate either an acceptance or rejection of the Plan, you will be deemed to have accepted the Plan. If this Ballot is received and indicates both an acceptance and a rejection of the Plan, it will not be counted.

3.      If this Ballot is received **after** the Ballot Deadline of **4:00 p.m. (PDT)** on **October 7, 2011**, it will not be counted, unless the Plan Proponents have granted an extension of the Ballot Deadline in writing.

Additionally, this Ballot will **NOT** be counted if:

  ➢ it is illegible or contains insufficient information to permit the identification of the claimant;

  ➢ it is cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

> it is properly completed, executed and timely filed, but (a) indicates both an acceptance and rejection of the Plan, or (b) partially accepts and rejects the Plan;

> it is submitted by facsimile or electronic mail;

> it is not signed;

> it is delivered to the Debtor, the Debtor's agents or representatives, the Plan Proponents, the Plan Proponents' agents or representatives (other than BMC) the Bankruptcy Court or the Clerk of Bankruptcy Court, or any person or entity other than BMC; and/or

> it is not cast in accordance with the procedures approved in the Order.

4.      **A vote to accept the Plan also constitutes approval of the form of Amended Prepetition Credit Agreement filed by the Plan Proponents with the Bankruptcy Court. Conversely, a vote to reject the Plan constitutes a rejection of the proposed amendments to the Prepetition Credit Agreement.**

5.      This Ballot shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver this Ballot to BMC.

6.      The method of delivery of this Ballot to BMC is at your election and risk. Except as otherwise provided herein, such delivery will be deemed made only when BMC **actually receives** the originally executed Ballot. Instead of effecting delivery by first-class mail, it is recommended, though not required, that you use an overnight or hand delivery service. In all cases, you should allow sufficient time to ensure timely delivery.

**Item 1. Claim Amounts and Classes.**

The undersigned hereby certifies that as of the applicable Record Date (the close of business on **September 12, 2011**), the undersigned was the Prepetition Lender with respect to a Class S3 Claim(s) (a Prepetition Lender Secured Claim) and a Class U1 Claim(s) (a Prepetition Lender Deficiency Claim) in the following aggregate unpaid principal amount:

| Class S3 | [BMC will insert claim amount based on Scenario 1 or 2 in the Plan] |
|----------|--------------------------------------------------------------------|
| Class U1 | [BMC will insert claim amount based on Scenario 1 or 2 in the Plan] |

**Item 2.  Vote on the Plan**

The creditor holding the Claim(s) listed in Item 1 votes as follows (check one box only in each Part below—if you check both boxes in either Part, your vote will not be counted with respect to that Class):

    <u>PART I</u>

    **<u>Note</u>: A vote to accept the Plan also constitutes approval of the form of Amended Prepetition Credit Agreement filed by the Plan Proponents with the Bankruptcy Court.  Conversely, a vote to reject the Plan constitutes a rejection of the proposed amendments to the Prepetition Credit Agreement.**

    
| |
|---|
| Please indicate your vote with respect to <u>Class S3</u> (Prepetition Lender *Secured* Claims): <br><br> ☐  I VOTE TO **<u>ACCEPT</u>** THE PLAN, *or* <br><br> ☐  I VOTE TO **<u>REJECT</u>** THE PLAN |

    <u>PART II</u>

| |
|---|
| Please indicate your vote with respect to <u>Class U1</u> (Prepetition Lender *Deficiency* Claims): <br><br> ☐  I VOTE TO **<u>ACCEPT</u>** THE PLAN, *or* <br><br> ☐  I VOTE TO **<u>REJECT</u>** THE PLAN |

**Item 3.  Meritage Repayment Guaranty Escrow**

Unless the box below is marked, by the signature below, the undersigned Prepetition Lender acknowledges that it wishes to assign its proportionate interest in the Meritage Repayment Guaranty to the Settling Builders pursuant to § 3.4(F) of the Plan.

| |
|---|
| ☐  I do **<u>NOT</u>** wish to assign my proportionate interest in the Meritage Repayment Guaranty to the Settling Builders and understand that I will **<u>not be eligible to receive</u>** my pro rata interest in the Meritage Repayment Guaranty Escrow. |

**Item 4.  Certifications.**

By completing and returning this Prepetition Lenders' Ballot, the undersigned makes the following certifications:

1.      this Ballot is the only Ballot submitted for the Claim(s), or such earlier Ballot is hereby revoked;

2.      it was the Holder of Claims described in Item 1 as of the close of business on September 12, 2011 and understands that the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Disclosure Statement and Plan;

3.      it has full power and authority to vote to accept or reject the Plan with respect to the Claim(s) listed in Item 1;

4.      it has received, read, and reviewed a copy of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein; and

5.      all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy, and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned.

By signing this Prepetition Lenders' Ballot, the undersigned authorizes and instructs the Voting and Solicitation Agent to retain this Prepetition Lenders' Ballot and related information in its records for at least one year after the Effective Date of the Plan.

---

Name of Holder: _____
                          (Print or Type)

Social Security or Federal Tax Identification Number:_____

Name and Title of Signatory:_____
                          (Print or Type)

Title:_____

Address:_____
        _____
        _____

Date Completed:_____
                **Note:  Ballot must be signed in order to be counted.**

---

❑ *Please check here if the above address is a Change of Address.*

This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. No fees or commissions or remuneration will be payable to any broker, dealer, or other person for soliciting ballots accepting the Plan. Nothing contained herein or in the enclosed documents shall constitute an appointment of you or any other person as the agent of the Plan Proponents, authorize you or any other person to use any document or make any statements on behalf of the Plan Proponents or with respect to the Plan, except for the statements contained in the documents enclosed herewith.

If you have any questions regarding this Ballot or the voting procedures, please contact the Agent's counsel, Morrison & Foerster LLP, Attn: Jordan A. Wishnew, 1290 Avenue of the Americas, New York, New York 10104, Telephone: (212) 336-4328, or E-mail: jwishnew@mofo.com.

   The Ballot is neither a proof of claim form, nor an admission by the Debtor or the Trustee of the nature, validity, or amount of any claim.

   To have your vote count, you must complete, sign, and timely return this Ballot. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.