

**Entered on Docket
September 16, 2011**

_____
**Hon. Bruce A. Markell
United States Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

| | |
|---|---|
| In re: ) | Case No.: BK-S-10-32968-BAM |
| ) | |
| SOUTH EDGE, LLC, ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| ) | |

**ORDER CONDITIONALLY GRANTING MOTION TO SEAL**

On September 15, 2011, the Trustee filed a "Renewed Ex Parte Application to File: 1) Trustee's Motion to Disqualify I. Scott Bogatz; and 2) Exhibits to Declaration of Anat Sideman in Support of Trustee's Motion to Disqualify Counsel Under Seal Purusant [sic] to 11 U.S.C. § 107(b)(1), Fed. R. Bankr. P. 9018, and Local Rule 9018." (Dkt. No. 1083; the "Renewed Application"). The Renewed Application was supported by the "Declaration of Anat Sideman in Support of Trustee's Motion to Disqualify Counsel Under Seal Pursuant to 11 U.S.C. § 107(b)(1), Fed R. Bankr. P. 9018, and Local Rule 9018." (Dkt. No. 1086; the "2d Sideman Declaration").

The court grants the Trustee's Renewed Application subject to the following. The court does not believe that the Trustee has met her burden of proof under either FED. R. BANKR. P. 9018 or under 11 U.S.C. § 107, and thus that part of the Renewed Application is denied. Further, the court is not ruling as to whether the Trustee has sufficiently established that the attorney-client privilege protects from disclosure the documents she seeks to file under seal. Rather, the court is permitting the Trustee to file the documents under seal pursuant to 11 U.S.C. § 105(a), given the nature of the request and given that no opposition to it (or to the original motion to seal) has been

filed. Accordingly, no party may rely on this order as an indication that the information filed under seal is in fact privileged.

In addition, the Trustee must make the information filed under seal available to Mr. Bogatz and any parties representing Mr. Bogatz's interests in this matter, subject to an appropriate confidentiality arrangement.

Further, should any party in interest move for relief from this order, that motion shall be treated as if the documents covered by this order were subject to the last sentence of FED. R. BANKR. P. 9018, and the Trustee will have to make the proper showing for the documents to remain under seal at that time.

If the Trustee does not agree with these conditions, the Trustee may treat this order as if the Renewed Application had been denied, and may request that the documents filed under seal be returned. Such a request must be made no later than **Tuesday, September 20, 2011 by 5:00 p.m.**; otherwise, the documents will remain under seal according to the conditions set forth above.

IT IS SO ORDERED.

Copies sent to:

CM/ECF ELECTRONIC NOTICING

BNC MAILING MATRIX

###